DODGE and others, Executors, Appellants, vs. ASHLAND COUNTY and another, Respondents.

DODGE and others, Executors, Respondents, vs. ASHLAND COUNTY and another, Appellants.

*October 26 — November 13, 1894.*

*Highways: County roads: County board acts for towns: Liability for trespasses.*

In laying out a so-called "county road" under secs. 1300–1307, R. S., the county officers act, not on behalf of the county, but on behalf of the towns through which the road runs; and where the proceedings are so defective that no legal highway is laid out, the county is not liable for trespasses committed by such officers in attempting to open the road.

APPEALS from the Circuit Court for *Ashland* County. Trespass for timber cut. The plaintiffs owned a large tract of timber land in the town of Vaughan, Ashland county. The county board of *Ashland* county, upon a petition signed by more than fifteen freeholders in each of

the towns of Vaughan, Knight, Ashland, Morse, Jacobs, and Butternut, attempted to lay out a highway, under secs. 1300–1307, R. S., running through the said towns. That part of the proposed highway in the town of Vaughan ran through the lands of the plaintiffs. The proceedings were so defective that no legal highway was laid out, and this fact was conceded by the defendants on the trial. After the highway was in form laid out, the county board made a contract with the defendant *McGeehan* to open and construct that part of the same in the town of Vaughan, and in accordance with that contract *McGeehan* cut and removed a large quantity of timber of various kinds and cordwood from the plaintiffs' lands. The plaintiffs claim, and the evidence seems to show, that a part of this timber and wood was cut outside of the lines of the proposed highway.

The court directed a verdict for the plaintiffs against both defendants, and only left to the jury the question of the amount and value of the cordwood removed, there being no dispute under the evidence as to the amount of timber. The verdict was for the following sums: For pine timber converted, $289.92; for spruce timber converted, $9.44; for basswood timber converted, $46.20; for cordwood, $190.00; total, $537.56. The plaintiffs moved for judgment *non obstante veredicto* for $1,573.08 against the county for timber and wood cut within the right of way, and for $259.90 against *McGeehan* for timber and wood cut outside the right of way, claiming that these sums were proven by the uncontradicted evidence; which motion was overruled, and the plaintiffs excepted. The plaintiffs then remitted from the verdict $41.58 from the amount found to be due for basswood, the verdict by error placing said amount at $46.20, when it should have been $4.62. Both parties moved to set aside the verdict and for a new trial, and both motions were overruled and exceptions

taken. Judgment was rendered against the defendants jointly for $493.98 damages, and for costs, and from this judgment both parties appeal.

*A. E. Dixon*, for the plaintiffs.

For the defendants the cause was submitted on briefs by *R. Sleight.*

WINSLOW J. We shall not consider the question, much discussed in the books, as to whether a county is liable for the torts of its officers committed in the attempted discharge of their corporate duties. In our opinion we do not reach that question, because there is another ground upon which we think it must be held that there is no liability against the county in this case. That ground will be briefly stated. The proposed highway was attempted to be laid out under secs. 1300–1307, R. S. Although the statute refers to highways so laid out as "county roads," examination of the statute reveals the fact that this is, in some sense at least, a misnomer. It is true the road so laid is laid out by the county authorities, but, after all, the question is not whether the highway is laid out by one set of officers or by another, or what the official character or title of such officers may be, but for whom are they acting. Are they acting for the county or for the various towns through which the road runs? Secs. 1303 and 1304 seem to conclusively establish the fact that they are acting for the several towns through which the road is laid. All the damages assessed are to be paid by the towns, and whenever the total amount of damages charged to any town exceeds $1,500 the electors of that town have an absolute veto power upon the entire proceeding so far as that town is concerned. Further, it appears by sec. 1307 that such highways are to be opened and repaired by the respective towns, and the county board has power to open them only in case the town board neglects

or refuses to do so, and apparently has neither the power to repair the same nor is it under any liability for neglect to do so. R. S. sec. 1308. See, also, R. S. sec. 1339, and *Stilling v. Thorp*, 54 Wis. 528. The conclusion is irresistible that the road becomes, when laid, to all intents and purposes the highway of the town through which it passes, precisely as if laid by the supervisors of the town. If this be so, it seems very clear that the county supervisors, in laying it, are not acting on behalf of the county, but on behalf of the towns. The fact that they are county officers is not a controlling element in the matter. The legislature may undoubtedly authorize county officers to act for a town, and this it seems to us has been done here. Under this view of the law it is evident that no liability was established against the defendant county.

On the plaintiffs' appeal it is clear from the evidence that the finding of the jury that only 100 cords of cordwood were cut and removed by the defendant *McGeehan* is contrary to the great weight of the evidence. The evidence was substantially uncontradicted that a much larger amount of cordwood had been cut. But as this evidence was a mere estimate, made after the wood had been largely removed, we do not feel that it would be just to order judgment, but let the parties present their proofs upon a new trial.

*By the Court.*— Judgment reversed on both appeals, and action remanded for a new trial.