## Township of Noble *vs.* Ole T. Aasen.

Opinion filed October 15th, 1898.

### Appeal—Review—Striking Out Counter-Claim—Waiver.

To plaintiff's complaint defendant answered in denial and by counterclaim. To such counterclaim plaintiff replied. Subsequently, and at the trial, and on plaintiff's motion, the counterclaim was stricken from the files on the ground that it did not state facts sufficient to constitute a counterclaim against plaintiff. Plaintiff did not withdraw, or offer to withdraw, its reply. The case upon the remaining issues was tried under section 5630, Rev. Codes, as amended by chapter 5, Laws of 1897. Defendant offered no evidence under his counterclaim. *Held,* (1) That the action of the court in striking out the counterclaim could be reviewed by this court upon an appeal from the final judgment, even though such ruling might have been the subject of an independent appeal. (2) In order to obtain a review of such ruling, it was not incumbent upon defendant to offer testimony in support of his counterclaim. In actions tried under said section 5630 it is only in cases where issues of fact are joined that a party is required to offer and preserve the testimony. Such testimony is not necessary to enable this court to retry the issues of law involved. (3) That by replying plaintiff had waived the point that the facts stated did not constitute a counterclaim that could be pleaded in this case, and could only insist that they did not constitute a cause of action in favor of defendant that could be enforced against plaintiff under any circumstances.

**Eminent Domain—Compensation.**

> The constitution and laws of this state fix upon a civil township that takes or damages private property for public use a liability to render just compensation therefor to the owner.

**Liability of Township.**

> When township officers, acting colore officii, perform an act which is entirely within the scope and power of the township to perform, but perform the same in an improper and unlawful manner, such act is, nevertheless, the act of the township.

Appeal from District Court, Cass County; *Pollock, J.*

Action in equity by the Township of Noble against Ole T. Aasen for an injunction and damages. From a judgment for plaintiff, defendant appeals.

Reversed, with directions.

*H. Steenerson* and *Hildreth & Ingwaldson,* for appellant.

*Morrill & Engerud,* for respondent.

BARTHOLOMEW, C. J. The record in this case is in an anomalous condition. The plaintiff township brought an action in equity asking a decree permanently enjoining defendant from interfering in any manner with a certain culvert in a certain highway in said township, and also asking damages for a previous destruction of such culvert. The defendant answered both by general denial and by new matter pleaded as a counter claim. To this counterclaim plaintiff replied by general denial. The case being thus at issue was brought on for trial. At the opening of the trial, plaintiff's attorney moved to strike out the counterclaim for the reason "that the facts set forth in the alleged counterclaim are not sufficient to constitute any counterclaim against the township." This motion was granted, and an exception saved. The trial then proceeded upon the remaining issue, and resulted in a decree as prayed for, with damages. From the final judgment the defendant brings this appeal. The only error assigned is the ruling on the motion to strike. The abstract contains only the pleadings, the motion, the ruling thereon and exceptions, the final judgment, and notice of appeal. In the notice of appeal no mention is made of the order striking out the counterclaim.

It is urged that the order cannot be reviewed on an appeal from the final judgment. We reach the opposite conclusion. We need not decide in this case whether or not such order was an appealable order, under section 5626, Rev. Codes. It was an intermediate order, which involved the merits, and necessarily affected the judgment; and as such it is reviewable on appeal from the final judgment, under section 5627. The fact that it might have been the subject of an independent appeal before final judgment does not prevent its review upon appeal from the judgment. Our appeal law is substantially like that of Wisconsin. And see *Machine Co.* v. *Gurnee,* 38 Wis. 533; *Machine Co.* v. *Heller,* 41 Wis. 658; *Morris* v. *Niles,* 67 Wis. 341, 30 N. W. Rep. 353; also, *Granger* v. *Roll* (S. D.) 62

N. W. Rep. 970; *Buchanan* v. *Insurance Co.* 96 Ind. 510. But, as this case was tried under section 5630, Rev. Codes, as amended by chapter 5, Laws 1897, respondent contends that the error assigned cannot be reviewed, under the ruling of this Court in *Nichols & Shepard Co.* v. *Strangler,* 7 N. D. 102, 72 N. W. Rep. 1089, for the reason that no evidence is preserved in the record, and none was offered under the counterclaim, and, as announced in that case, this Court, in cases tried under said section, sits for trial de novo, and not for the correction of errors. But the question here presented is radically different from that presented in the case cited. True it is that in cases tried under said section this Court tries the issue de novo, whether it be an issue of law or an issue of fact. Evidently, an issue of fact, cannot be retired by this Court, in the absence of all the testimony offered upon that issue. But the wording of the statute declares: "In all actions tried by the District Court without a jury, in which an issue of fact has been joined, all the evidence offered on the trial shall be received." It is only when an issue of fact has been joined that the introduction of testimony is contemplated. If a complaint equitable in its nature, and tendering an issue of fact that must be tried by the Court, if tried at all, should be held bad on demurrer, and final judgment dismissing the action rendered against the plaintiff, counsel would scarcely contend that plaintiff could not have such ruling reviewed unless he offered all his testimony to support his allegations of fact, and had it preserved in a stated case, and presented it to this Court. Such a course would be absurd, because there never was an issue of fact in the case, and never was any trial of any issue of fact, and a trial de novo of an issue in this Court can only follow a trial of the same issue in the District Court. Our review in the supposed case would, of necessity, be limited to the issue of law tried by the District Court. The question raised on the counterclaim in the case at bar is, in its legal effect, identical with the supposed case. When, on respondent's motion, the Court struck the counterclaim from the case, it was out for all purposes of the trial of any issue of fact. No evidence could be offered under it, because it no longer existed as a pleading in the case. The trial of the issue of law had eliminated it. But the circumstance that there is no evidence here to support the issue of fact that it tendered when in the case in no manner prevents a retrial in this Court of the issue of law that the District Court did try and determine. Should our determination of that issue be different from that of the District Court, then it would be our duty to remand the case for a trial of the fact issues tendered by the counterclaim, and which never have been tried.

We come now to the consideration of the ruling upon the motion. The motion to strike was ill-timed, and ought not to have been considered. Respondent had already served a reply. He was in the position of attacking a pleading as to which he had already pleaded to the facts. The case presents no reason why the technical rules of pleading should not be enforced. The basis of the motion, as

stated by counsel, was "that the facts set forth in the alleged counter-claim are not sufficient to constitute a counterclaim against the town-ship." In so far as the motion raised the question that the facts stated did not constitute a cause of action in favor of appellant and against respondent that could be enforced under any circumstances, it was proper enough. That point is not foreclosed by pleading to the facts, and the exact manner in which it is raised may not be material. But, in so far as it attempted to raise the point that the facts did not constitue a counterclaim that could be enforced against the township in this particular case, it was abortive, for the reason that such point was waived by pleading to the facts, and no leave was given or asked to withdraw the reply. See *Bank* v. *Laughlin,* 4 N. D. 391, 61 N. W. Rep. 473, and cases cited on page 401, 4 N. D., and page 478, 61 N. W. Rep.

The investigation of one further inquiry will decide this case: Do the facts set forth in the counterclaim constitute a cause of action in favor of appellant and against respondent? The allegations are that during the year 1893 the respondent, for the purpose of drain-ing a certain highway,—being the same highway whereon the cul-vert hereinbefore mentioned had been constructed,—wrongfully and unlawfully entered upon appellant's land, which as the pleadings show, adjoined said highway, and constructed various ditches leading from said highway, over and across plaintiff's land; that the ditches along said highway collected the surface water from a large tract of land, and by reason of the connecting ditches constructed upon the appellant's land the water thus collected was thrown upon such land, and the same was overflowed, and greatly damaged for agrricultural purposes. Respondent contends that these facts constitute no liabil-ity against it, because townships act only through their officers, and are not liable for the unlawful or negligent acts of such officers. In *Vail* v. *Town of Amenia,* 4 N. D. 239, 59 N. W. Rep. 1092, we held that a township was not liable for a personal injury received by reason of the negligence of a township officer in failing to keep a bridge in repair. In that case we but followed the great weight of authority in holding that a quasi municipal corporation was not liable in that class of cases, in the absence of an express statute fix-ing such liability. But the case we are now considering is of a dif-ferent character. The private property of an individual has been taken and retained for a public use. There must be a liability somewhere. The constitution of this state (section 14) declares: "Private property shall not be taken or damaged for public use without just compensation having been first made to, or paid into court for the owner." This is reiterated in section 5955, Rev. Codes, in treating of eminent domain. The fact that private property has been taken for public use without compliance with this mandate of our organic law, while, in a general sense, it renders such taking unlawful, as pleaded, yet it cannot destroy the right of such party to compensation. Nor can it be doubted that both the constitution and the statute contemplate that such compensation must come

from somebody having power, under the law, to appropriate property for public use. In 1883 the legislature of Dakota territory passed an act providing for township government. The act was chapter 112 of the Session Laws of that year. Its provisions have been continued in force, and now constitute parts of the Revised Codes of 1895. We cite certain provisions as they appear therein, although the cause of action set forth in the counterclaim accrued before such revision was made. Section 2537 declares each township to be a body corporate, with power to sue and be sued. Section 2541 provides for the officers in each township, and includes three township supervisors, and an overseer of highways for each road district. Section 2542, subd. 8, authorizes the electors of the township to vote such sums as they deem proper for the repair and construction of roads and bridges. Section 1114 places all roads and bridges within the township under the exclusive control of the township supervisors, and gives them authority to construct and repair the same, and places the respective overseers of highways subject to their orders in that respect. Section 1151 states the circumstances under which and the manner in which the township may go upon lands of a private party, and take possession thereof for the purpose of draining a highway. The right to do so must be obtained either by contract with such party, or by condemnation proceedings in the name of the township under the statute on eminent domain. These provisions make it clear that it is the duty of the township to construct and maintain in proper repair the highways within its boundaries; and when, to accomplish this, it becomes necessary to construct ditches on private property to drain such highway, it is the duty of the town to do so. As was said in *Vail* v. *Town of Amenia,* the township acts as a governmental agent in the performance of these functions. But government has given it the authority and the purse necessary for their proper performance. We are not deciding when, if ever, a township will be liable for the negligent, wrongful, or unlawful acts of its officers in performing these functions, in the absence of an express declaration of liabilities. But, as we have seen, private property cannot be taken for public use without compensation. In this case private property has been taken for public use, and, if taken by the township, it must pay for the same. But the township says it has never taken such property, because it could only act through its officers, and any act of its officers in taking such property without previous compensation was an unlawful act, and not the act of the township, and not an act for which the township is responsible. In other words, it admits that this property has been taken for its use, and that it has and retains the use and benefit thereof, but contends that it is not liable, because the original taking was unlawful. Practically, this same claim was made in *Schussler* v. *Board,* 67 Minn. 412, 70 N. W. Rep. 6. In that case the commissioners, acting under the authority of an unconstitutional statute, had erected a certain dam, and an action was brought against the county for damages resulting to plaintiff by rea-

son of the construction of the dam.  In the opinion we find this lang-
uage: "It (the defendant) comes into court, and by its pleadings
and evidence attempts to uphold the wrong it has done by its officials,
and persists in the continuance of this wrong, but, by contention of
counsel, insists that it is not liable in damages, because its acts were ·
unconstitutional, unauthorized, and void.  Not only this, but it insists
upon retaining the benefits of the illegal acts of its officers.  *  *  *
If valuable property rights can be thus taken, destroyed, diverted,
and injured without compensation, there will be but little safety in the
private ownership of property."  The defendant was held liable.
That authority would defeat respondent in this case, even should we
admit his premises.  Of course, it is conceded that where, colore
officii, a township officer performs an act which the town is without
authority to perform in any manner or under any circumstances, and
there is no resultant benefit to the township, which it appropriates
and retains, there could be no liability on the part of the township.
But in this case that which was done was not in itself unauthorized
or unlawful.  It was only the manner of doing it that was unlawful.
The township had a right to do just what was done, provided it
proceeded as the statute directs.  But where a township officer, under
color of office, performs an act which the township has full power
to perform, but performs it in an improper manner, we deem it well
settled that such act is, in legal effect, the act of the township.
2 Dill. Mun. Corp. § 971, and cases there cited.  Also *Woodruff* v.
*Town of Glendale,* 23 Minn. 537; *Peters* v. *Town of Fergus Falls,*
35 Minn. 549, 29 N. W. Rep. 586; *Dodge* v. *Ashland Co.,* 88 Wis.
577, 60 N. W. 830.  We are clearly of the opinion that the counter-
claim set forth a cause of action in favor of appellant and against re-·
spondent, and it was error, under the circumstances of this case, to
strike it out.  The District Court of Cass County is directed to set
aside the order striking out the counterclaim, and proceed to the
trial of the issues of fact raised by the counterclaim and the reply
thereto.

Reversed.  All concur.