## WILSON V. CITY OF MITCHELL.

1. Where a city had no knowledge that an artesian well, which its officers connected with the city water mains, was located on plaintiff's property, the city was not liable to plaintiff for the use and occupation thereof.

2. The allowance of a plumber's bill for connecting an artesian well with the city water mains, by the city council, which bill contained nothing tending to show that the well was not located on city property, was not

sufficient to show notice to the city that the well belonged to plaintiff, and that the city had no right to appropriate the water therefrom.

3.   Where a city had no power to connect its waterworks system with an artesian well belonging to plaintiff without his consent, the act of the city's officers in so doing was not binding on the city, so as to render it liable for water so appropriated.

4.   Where a city was not liable for the tresspass of its officers in connecting plaintiff's artesian well with its water mains, plaintiff could not waive the tort, and recover the reasonable value of the water so appropriated, in an action against the city.

(Opinion filed Dec. 29, 1903.)

Appeal from circuit court, Davison county; Hon. FRANK B. SMITH, Judge.

Action by James A. Wilson against the city of Mitchell. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

*E. P. Wanzer,* for appellant.

Assumpsit will lie against a municipal corporation. Bank of Columbia v. Patterson, 7 Cranch 297; Danforth v. Schoharie T. Co., 12 Johns 227; Dunn v. Rector etc., of St Johns, 14 Johns 118; Randall v. Van Vechten, 10 Am. Dec. 193.

A ratification by a city is as effectual to bind it as an original contract by express resolution. Peterson v. The Mayor, &c., of New York, 17 N. Y. 449; Hooker v. Eagle Bank of Rochester, 30 N. Y. 86; Albany City Nat. Bank v. Albany 92 N. Y. 368; McBrian v. Grand Rapids, 56 Mich. 106.

Municipal corporations, like private corporations, may be liable upon implied contracts, within the scope of their powers to be deduced by inference from authorized corporate acts, without either vote, deed, or writing, Dillon on Mun. Cor. 4 edition § 459. This doctrine is well established, and has been

held applicable to the purchase of real estate; to the use of a bridge for water pipes; Frankfort Bridge Company v. Frankfort 18 B. Mon. Ky. 41.

The obligation to do justice rests upon all persons, natural and artificial, and if a municipality obtains the money or property of others without authority, the law, independent of any statute, will compel restitution or compensation. Vol. 15, Am. and E. Law, 1083, and cases cited.

*F. H. Winsor* and *Preston & Hannett,* for respondent.

The acts done having been beyond the authority and power of the city to do, the city cannot be held answerable in damages for that which was done under the supposed illegal and void votes. Cavanagh v. Boston, 139 Mass., 52 Am. Rep. 716. Seele v. Deering, 79 Me. 343; 1 Am. St. Rep. 314.

If the officers or employes of a municipality, whether pursuant to a vote of its common council or not, engage in an act which the latter had no power to authorize, they are not, while so engaged, the representatives of the municipality, and it is not therefore liable for their negligence or misconduct. Smith v. City of Rochester 76 N. Y. 506. Morriston v. City of Lawrence, 98 Mass. 219.

The officials of a city do not act for it, except when the corporation has the power to act in the matter in question. Roland v. City of Gallatin, 42 Am. Rep. 395; 75 Mo. 134. Water works committee and the finance committee were but the individual members of this council, and no act of theirs in reference to a public duty could be binding upon the city. They could make no contract on behalf of the city which could be enforced against it. Foster v. Cape May, 6 N. J. L. 78. Deckenson v. Poughkeepsie, 75 N. Y. 65. Zottman v. San Francisco, 81 Am. Dec. 96; 20 Cal. 96.

CORSON, J.    The plaintiff brought this action to recover of the defendant the sum of $694, the alleged value of the use and occupation of a certain city lot, with an artesian well thereon, belonging to the plaintiff, for a period of about seven years. A verdict was directed in favor of the defendant, and the plaintiff has appealed.

At the close of all the evidence the defendant moved the court to direct a verdict for the defendant upon the ground that the undisputed evidence showed that the city did not sink a well upon the lot in question, and did not ratify the act of the superintendent of the waterworks in connecting the city mains with the well, and that there was no evidence in the case tending to prove that the city, at the time that it allowed the bill of the city plumber for connecting the city waterworks with the well, knew that the well in question was upon the lot of the plaintiff, and not upon the city property. The motion was granted, and the motion for a new trial denied.

It appears from the evidence that in 1893 the plaintiff was the owner of the city lot, and artesian well thereon, and that in the latter part of that year the superintendent of the waterworks of said city caused a connection to be made between the city mains and the said artesian well without any contract between the city and the plaintiff, and without the plaintiff's consent. There was no evidence, however, tending to prove that the municipality had any knowledge or notice that the well belonging to the plaintiff had been connected with the city waterworks, other than the fact that the same had been connected by the city plumber by order of the superintendent of the waterworks, and the fact of the allowance by the city of the plumber's bill for doing the work and furnishing the material

therefor; but it was not shown that either the superintendent of the waterworks, the city plumber or the city council knew that the well was upon plaintiff's property. The liability of the city is sought to be maintained upon the ground that the plaintiff's well was connected with the city waterworks under the direction of the superintendent of the same, and that the city used the water for the period above stated. It is also claimed by the appellant that the city is liable, the same as an individual, upon an implied contract, and, therefore, it being shown that the city has used the lot and well thereon during the time stated, the plaintiff is entitled to recover for the use and occupation of the same. It is undoubtedly true that under the modern decisions a municipal corporation may be liable upon an implied contract, if an express contract would be within the powers of the municipality, delegated to it, and the city has ratified the act of its officers; but the claim that the city ratified the act of the superintendent of the waterworks by allowing the plumber's bill for making the connection is not tenable. There is nothing in the bill itself indicating that the work was for connecting the waterworks with the well upon the plaintiff's lot. The item in the bill claimed to have constituted the ratification of the act of the superintendent of the waterworks reads as follows: ·"To 11 days work for city plumber in connecting new well with mains, $44;" and for 37 days work assisting same, $34. Only one of the members of the city council was called as a witness, and he testified that, as a member of the finance and waterworks committee, he approved the bill, but at the time he approved it he supposed the work was done upon a city lot. It is well settled that an act of an agent is not ratified unless the principal is

fully advised of all the facts connected with the act it is claimed he ratifies. Shull **v.** New Birdsall Co., 15 S. D. 8, 86 N. W. 654. It not being affirmatively shown that either the superintendent of the waterworks or any member of the city council had any knowledge that the city waterworks had been connected with the well belonging to the plaintiff, there was no ratification that can bind the city.

But there is a more satisfactory ground for denying the city's liability. The municipality had no authority to connect its waterworks system with the well of the plaintiff without his consent, and the city officer, therefore, had no authority to invade plaintiff's property, and the city could not legally ratify the act of its agent in making such connection. As the city had no power to enter upon private property and appropriate the same to public use, except in the manner provided by law for condemnation of such property, the defendant did not have the power to enter upon the lot of the plaintiff and use the same for public purposes without his consent. The acts of the officers of a municipality cannot bind it unless they are acting within the scope of the powers expressly granted by its charter or necessarily incident thereto, or indispensable to the proper exercise of the powers granted. Sioux Falls v. Kirby, 6 S. D. 62, 60 N. W. 156, 25 L. R. A. 621.

It is contended on the part of the defendant that it was competent for the plaintiff to waive the tort, and sue upon the implied contract for the use and occupation of the premises, and recover the value of such use and occupation. This right might be exercised in the case of an individual, but such a rule has no application to the case of a municipal corporation, as the powers of such corporation are limited, and it cannot exercise

such as are not expressly granted, or necessarily incident to the power granted. In Rowland v. City of Gallatin, 75 Mo. 134, 42 Am. Rep. 395, the Supreme Court of Missouri, discussing a similar question, says: "Conceding the plaintiff's claim in this regard, and the finding of the court thereon to be correct, still there is no authority in the charter of the city of Gallatin or elsewhere for the officer of the city, in pursuance of an ordinance or otherwise, to enter upon private property, and remove earth or other material therefrom, or in any other manner interfere therewith, for the purpose of improving the streets of said city; and the city cannot, therefore be held liable for the acts charged. Thomson v. City of Boonville, 61 Mo. 283; Hunt v. Same, 65 Mo. 620 [27 Am. Rep. 299]." In that case the premises of the plaintiff were entered upon by the street commissioner of the city under the verbal direction of the mayor. But as we have seen, the court held that the municipality was not liable. It is true that was an action of trespass, but undoubtedly the same rule would have been held had the plaintiff waived the tort and sued for the value of the material taken from the lot. The basis of the action would have been the trespass committed by the street commissioner. So, in the case at bar, the trespass of the superintendent of the waterworks in connecting the waterworks system with the well of the plaintiff is the basis of this action, for which trespass, as we have seen, the city would not be liable. Waiving the tort, therefore, by plaintiff, and seeking to recover upon an implied contract, does not change the rights of the parties. As bearing upon this question, see Cavanagh v. Boston, 139 Mass. 426, 52 Am. Rep. 716; Seele v. Deering, 79, Me· 343, 10 Atl. 45, 1 Am. St. Rep. 314; Smith v. City of Rochester,

76 N. Y 506; Morrison v. City of Lawrence, 98 Mass. 219; Rowland v. City of Gallatin, 75 Mo. 134, 42 Am. Rep. 395.

We are clearly of the opinion, therefore, that the plaintiff, under the evidence in this case, was not entitled to recover, and that the court below rightly directed a verdict in favor of the defendant. The judgment of the circuit court and the order denying a new trial are affirmed.