## J. H. Schomberg v. C. A. Long.

Opinion filed May 22, 1906.

**Appeal—Record.**

1. One alleging error has the burden of presenting a record upon which it may be reviewed.

**Same — Statement of the Case.**

2. Upon an appeal from the judgment, an order of the district court taxing costs can only be reviewed upon a statement of case containing the record upon which the court acted in making the order.

Appeal from District Court, Ransom county; *Allen*, J.

Action by J. H. Schomberg against C. A. Long. Action dismissed on appeal on motion of plaintiff. From an order taxing costs, plaintiff appeals.

Affirmed.

*O. S. Sem,* for appellant.

*Rourke, Kvello & Adams* and *Henry B. Thompson,* for respondent.

Young, J. This case is brought here upon plaintiff's appeal from a part of the judgment, and for the sole purpose of reviewing the order of the district court taxing the costs. It appears from the abstract that the case was commenced in justice court. Upon plaintiff's application, a change of venue was taken to another justice, before whom the case was tried. The defendant then appealed to the district court. The plaintiff moved to continue the case over the term for which it was set for trial. The motion having been denied, plaintiff moved to dismiss the case without prejudice. The motion was granted, with costs and disbursements of both courts to the defendant, and judgment was entered accordingly. The clerk taxed the costs at $77.65. Upon plaintiff's application to the district court to review the taxation, the court made its order, upon notice and after a hearing, allowing the same. The order, so far as material, is as follows: "Said appeal of plaintiff was heard upon the affidavit of Alfred W. Kvello and O. S. Sem, * * * and upon all the files and records in this case. * * * The court having read the record, and having heard counsel, and being fully advised in the premises, * * * it is ordered that the defendant have costs of justice and district court in the sum of $77.05."

Appellant's brief contains 13 assignments of error directed to various items which he claims should not have been allowed. These include the fees of certain witnesses and portions of the clerk's, sheriff's and justice's fees. We have reached the conclusion that the order cannot be reviewed for want of a sufficient record. No statement of case was settled. The appeal, which is from the judgment, brings up only the judgment roll, as defined by section 5489, Rev. Codes 1899. The order which appellant seeks to review recites that it was heard upon two certain affidavits "and upon all the records and files in the case." What these records and files are we can only conjecture. The abstract contains copies of a number of miscellaneous papers, including copies of the justice dockets, of subpoenas, a motion for continuance, and also two affidavits supporting it, and a memorandum of costs. None of these papers is a part of the judgment roll, and could only be made so by a statement of case. These documents and papers, which in part, at least, furnished the record upon which the order was made, are not therefore before us. There being no statement containing the grounds upon which the trial court acted, the order cannot be reviewed. It is elementary that one alleging error has the burden of showing it, and where the appeal is from the judgment, and the error does not appear upon the judgment roll proper, he must settle a statement; otherwise, it cannot be reviewed. That an order taxing costs cannot be reviewed upon an appeal from the judgment, in the absence of a bill of exceptions or statement, is well settled. Elliott, App. Pro. 818; 2 Spelling, New Trial & App. 519; Hayne, New Trial and Appeal, section 197; Gates v. Buckingham, 4 Cal. 286; Levy v. Getleson, 27 Cal. 686; Dooly v. Norton, 41 Cal. 439; Kelley v. McKibben, 54 Cal. 192; Williams v. Holmes, 7 Wis. 168; Cord v. Southwell, 15 Wis. 211; Ernst v. The Brooklyn, 24 Wis. 616; Howard v. Richards, 2 Nev. 128, 90 Am. Dec. 520; Urton v. Lucky, 17 Jud. 213; State v. Saxon, 42 Ind. 485.

The presumption is in favor of the correctness of the order. The appellant having failed to settle a statement, so as to authorize the review which he seeks, the order and judgment must be affirmed. All concur.