124 N. W. 1127.

---

THE STATE OF NORTH DAKOTA EX REL. M. F. MINEHAN v. PAUL F. MEYERS AS COUNTY AUDITOR OF McLEAN COUNTY. IN THE STATE OF NORTH DAKOTA.

Opinion filed January 18, 1910.

**Counties—Division—Organization of New Counties.**

1. Proceedings for the division of a county and for the organization of new counties are strictly statutory, and no intendment can be indulged in their favor.

**Counties—Organization and Division—Statutory Construction.**

2. Such statutes should receive a liberal construction, to the end that the legislative intent may be given effect; but, such intent being reasonably apparent, it is incumbent upon those who seek to interfere with the existing county organizations by the creation of new counties to at least substantially conform to the requirements of the statute.

**Counties—Division and Organization—Mandamus—Appeal and Error.**

3. By these proceedings it is sought to compel, by mandamus, the defendant to maks his certificate to the Secretary of State, as prescribed by Chapter 62, Laws 1907. relative to the division and organization of counties. An alternative writ was issued as prayed for, to the sufficiency of which defendant objects upon the ground that it fails to allege facts authorizing any relief. .

*Held,* such objection is without merit. Such alternative writ, upon its face, shows a full compliance by the petitioners for the organization of the proposed new county of Stevenson, and others, of all the statutory prerequisites. In the petition for the organization of such proposed new county its western boundary was designated as the east and north bank of the Missouri river, whereas it manifestly appears that it was the intention of all concerned that the western boundary of such proposed new county should be co-extensive with the present western boundary of McLean county, which is the center of the main channel of the Missouri river.

*Held,* that such manifest intention will be given effect by construing the language of the petition as designating the western boundary of such proposed new county to be the center of the main channel of such river.

The other objections urged to the sufficiency of such alternative writ cannot be considered in the absence of certain extraneous facts which have not been incorporated in the record by the settlement of a statement of case.

**Appeal and Error—Appealable Order.**

4. The trial court, on relator's motion, struck out most of defendant's answer new matter of a relevant and material character, and by the same order, and on like motion of relator the issuance of a peremptory writ was directed. *Held*

(1) That such order "involved the merits and necessarily affected the judgment" within the meaning of section 7081, Rev. Codes 1905. Hence it is a part of the judgment roll proper, and its correctness may be reviewed by this court on appeal from the judgment.

(2) Such order was prejudicial error. .

**Appeal and Error—Practice—Striking out Portions of Answer—Consideration of Stipulation of Facts in Absence of Statement of Case.**

5. The record discloses that a certain stipulation of facts was used in connection with relator's said motion. *Held,* that such stipulated

facts may be considered by this court in reviewing the correctness of such order, although not incorporated in a statement of the case.

### Voters and Elections—Notice of Election—Mandamus.

6. In the light of the facts thus stipulated, it is held that the statute requiring the publication for four successive weeks of a notice of election on such county division proposition was not substantially complied with. This being true, it was prejudicial error to deprive defendant of an opportunity to establish the facts pleaded in his answer, and tending to show that actual prejudice in fact resulted on account of a lack of due notice of election.

The notice given merely consisted of the insertion in the notice of the general election at the foot of the list of candidates the words: "Three petitions for county division."

By the order in question defendant was deprived of the right to show the invalidity of the special election on such proposition by showing that there was not a full. fair and intelligent expression of the electors upon such proposition.

### No Issue Left for Trial.

7. After these defenses were stricken out of his answer, it was not incumbent on defendant to offer proof thereof. There was no issue left for trial, except the naked issue of a want of due notice of election, and by the order complained of defendant was wrongfully deprived of even the opportunity of showing such fact.

Appeal from District Court, McLean county; *Winchester*, J.

Mandamus by the State, on the relation of M. F. Minehan against Paul F. Meyers, as County Auditor of McLean county. Judgment for relator and defendant appeals.

Reversed and remanded.

*J. E. Nelson* and *Engerud, Holt & Frame,* for appellant.

Where averments are "indefinite," remedy is motion to make definite and certain.

Rev. Codes 1905, Sec. 6870; Yerkes v. Crum, 2 N. D. 72, 49 N. W. 422; Johnson v. Great No. Ry. Co., 12 N. D. 420, 97 N. W. 546; Tilton v. Beecher, 59 N. Y. 176; Lee v. Minneapolis & St. L. Ry. Co., 25 N. W. 399; Bliss on Code Pleadings, Sec. 425.

Being demurrable does not make allegations frivolous. Strong v. Sproul, 53 N. Y. 497; Youngs v. Kent et al., 46 N. Y. 672; Cottrill v. Cramer et al., 40 Wis. 555; Bliss on Code Pleadings, Sec. 421.

Naming a river as a boundary means the middle of the channel, unless circumstances exclude this presumption. Smith v. City of Rochester, 92 N.Y . 463; Gouverneur et al. v. National Ice Co., 134 N. Y. 355, 31 N. E. 865; Lorman v. Benson, 8 Mich. 18; Storer v. Neeman, 6 Mass. 435; Walker v. Shepardson, 4 Wis. 486; State v. Gilmanton, 9 N. H. 461.

Naming the bank of a river, excludes the channel. Denver v. Pearce, 13 Colo. 383, 22 Pac. 774; Rockwell v. Baldwin, 53 Ill. 19; Murphy v. Copeland, 51 Iowa, 515; Bradford v. Creney, 45 Me. 9; Hatch v. Dwight, 17 Mass. 289; Watson v. Peters, 26 Mich, 516; Bellows v. Jewell, 60 N. H. 420; Hall v. Power Co., 103 N. Y. 129, 8 N. E. 509; Martin v. Nance, 3 Head (Tenn.) 650; Camden v. Creel, 4 W. Va. 365; Smith v. Ford, 48 Wis. 115, 4 N. W. 462; Freeman v. Bellegarde, 41 Pac. 289; Borkenhagen v. Vianden, 82 Wis. 206, 52 N. W. 260; Axline v. Shaw, 17 So. 411; Fleming v. Keeney, 27 Ky. 155.

Notice of election must disclose nature and extent of proposed change in county. 15 Cyc. p. 325 and cases cited; Bean v. Barton Co., 33 Mo. App. 635; McMahon v. Board, 46 Cal. 214; George v. Twp., 16 Kans. 72; Beal v. Ray, 17 Ind. 554; Harding v. R. R. Co., 65 Ill. 90; Mayor v. Hemerick, 16 S. E. 72; Bowen v. Mayor, 4 S. E. 159; Crook v. Davies Co., 36 Ind. 320; Commonwealth v. Barrett, 17 S. W. 336; Williams v. Town, 88 Ill. 11; People v. Hamilton, Co., 3 Neb. 244; State v. Mayor, 44 N. J. L. 137; Swenson v. McLaren, 21 S. W. 300; Bloomfield v. Bank, 121 U. S. 121, 30 L. Ed. 923; 10 Am. & Eng. Enc. of Law (2nd Ed.) p. 626 et seq.; Detroit, etc., Ry. Co. v. Beares, 39 Ind. 598.

*Herbert F. O'Hare* and *Newton & Dullam,* for respondent.

Only papers defined by statute as a part of the judgment roll, can be considered on appeal. Garr, Scott & Co. v. Spalding, 2 N. D. 414, p. 419, 51 N. W. 867; Cord v. Southwell, 15 Wis. 211; Nash & Harris, 57 Cal. 242; Schenectady etc., v. Thatcher, 6 How. Pr. 227; Cook v. Dickerson, 1. Duer. 686; Mooney v. Donovan, 9 N. D. 93, 81 N. W. 50; Elliott App. Pro. Sec. 190, et seq.; Douglas v. Dakin, 46 Cal. 49; Cleland v. Walbridge, 20 Pac. 730, and cases cited; Carter v. Paige, 20 Pac. 729; Spinetti v. Brignardello, 53 Cal. 281; Sharp v. Daugney, 33 Cal. 505; Harper v. Minor, 27 Cal. 107; Sichler v . Look, 93 Cal. 607, 29 Pac. 220; Ingerman v.

Moore, 90 Cal. 410, 27 Pac. 306; Evansville, etc., R. Co. v. Maddux, 134 Ind. 571; State v. Fabrick, 16 N. D. 94, 112 N. W. 74; State v. Scholfield, 13 N. D. 664, 102 N. W. 878; Morris v. Angle, 42 Cal. 236; Sweet v. Meyers, 53 N. W. 187, and cases cited; The Bank, etc., v. The Bank, etc., 16 Ohio Rep. 170; Acheson v. Sutliff, 18 Ohio Rep. 122 p. 125; Elliott, Sec. 813, et seq. and notes; San Francisco S. Union v. Myers, 76 Cal. 624, 13 Pac. 403; Spreckels v. Ord, 72 Cal. 86, 13 Pac. 158; Stewart v. Miller, 1 Mont. 301; Marden v. Wheelock, 1 Mont. 49; Eureka Coal Co. v. Powers, 10 Ill. App. 61.

Immaterial and impertinent matter may be expunged on motion. 26 Cyc. p. 464; Page v. Merwin, 54 Conn. 426, 8 Atl. 675; Cheney v. State, 165 Ind. 121, 74 N. E. 892; Logiodice v. Gannon, 60 Conn. 81, 21 Atl. 100; Cope v. State, 126 Ind. 51, 25 N. E. 866; Brainard v. Straub, 61 Conn. 570, 24 Atl. 1040; Erickson v. Judge, 138 Mich. 103, 101 N. W. 63; Ray v. Wilson, 14 L. R. A. 773.

As to construction of boundary on rivers and banks of rivers see Heald v. Yumisko, 7 N. D. 422, 75 N. W. 806; Lamphrey v. Metcalf, 53 N. W. 1139; Olson v. Huntamer, 61 N. W. 479; Baker County v. Benson County (Ore), 66 Pac. 815; Rieglesville, etc., Co. v. Bloom, 48 N. J. L. 369; Ex parte Jennings, 6 Cowen 518, p 526 to 527 and note, p. 543; People v. New, 214 Ill. 287, 73 N. E. 362.

Both notice of election and its publication were sufficient. State ex rel., etc., v. Goetze, 22 Wis. 348; Stone v. City of Chicago, 69 N. E. 970, 207 Ill. 492; Coe et al. v. Buell et al., 27 Minn. 197, 6 N. W. 621; State v. Doherty, 16 Wash. 382, 47 Pac. 958; Demaree v. Johnson, 50 N. E. 376; State ex rel. v. Skirving, 19 Neb. 497, 27 N. W. 723; Chicago, etc., R. Co. v. Pickney, 74 Ill. 277; Dillon on Municipal Corporations, 197, note 3 and cases cited; Dushon v. Smith, 10 Iowa 212; Com. v. Reynolds, 8 Pa. Co. Ct. Rep. 568; State ex rel. v. Lansing (Neb.) 64 N. W. 1104; Wheat v. Smith, 50 Ark. 277; Com. v. Smith, 132 Mass. 289; Town of Coloma v. Eaves, 92 U. S. 484, 23 L. Ed. 579; Foster v. Scarff, 15 Ohio St. 532, Opinion page 537; Smith v. Carroll, (R. I.) 24 Atl. 106; Smith v. Commissioners, 45 Fed. 725; Seymour v. Tacoma, 6 Wash. 427, 33 Pac. 1059; State v. Winnet, 110 N. W. 1113; People v. New, supra; State ex rel. Bruce v. Davidson, 32 Wis. 114; McCrary on Elections, (3d Ed.) pp. 94, 95, 96, 97, 98; Cooley's Const. Lim. (3d Ed.) 603.

The majority of the voters assembled is sufficient. Lawrence v.

Ingersoll, 6 L. R. A. 308; Launtz v. People, 113 Ill. 137; First Parish, etc. v. Sterns, 21 Pick. 148; Booker v. Young, 12 Gratt. 303; State v. Green, 37 Ohio St. 227; State v. Chapman, 44 Conn. 600; Field v. Field, 9 Wend. 394; Verbeck v. Scott; Marion County v. Winkley, 29 Kan. 36.; Gillespie v. Palmer, 20 Wis. 544; Rushville Gas Co. v. City of Rushville, 6 L. R. A. 315.

FISK, J.   This is an appeal from an order of judgment of the district court awarding to relator a peremptory writ of mandamus, commanding defendant to make his certificate to the Secretary of State, as prescribed by chapter 62, Laws 1907, relative to the division and organization of counties.   Such proceedings were initiated by the issuance and service of an alternative writ reciting, in substance, the following facts:   That on November 21, 1907, plaintiff and other electors of McLean county, presented to the board of county commissioners of such county a petition for the formation of the new county of Stevenson out of certain territory in the western portion of McLean county therein specifically described; that such petition was signed by the requisite number of legal voters, and in other respects conformed with the statute; that on March 10, 1908, such board of county commissioners approved the petition, finding that the proposed new county of Stevenson could be constitutionally formed and making an order for the submission of the question of the formation thereof to a vote of the people of McLean county at the next general election.   It is also alleged in such alternative writ that the county auditor caused notice to be published, at least once each week for four successive weeks next preceding such general election in the three official papers of the county, that the question of the formation of such new county would be submitted to the voters at such general election.   Then follow allegations to the effect that after such election the ballots upon such new county proposition were duly counted, canvassed, and returned, the result showing that 1,006 votes were cast "For New County," and 741, "Against New County."   The refusal of the county auditor, Ole B. Wing, to make his certificate to the secretary of state reciting such facts is next alleged, and also the fact that relator brings this proceeding in his own behalf and in behalf of the electors of the proposed new county.

According to the printed abstract, although the fact is disputed by respondent's counsel, defendant demurred, and moved to quash

the alternative writ, upon the ground of the alleged insufficiency of the facts therein stated to entitle relator to any relief, which demurrer and motion were overruled. Thereupon defendant answered, in substance as follows: It is therein admitted that a petition for the formation of the proposed new county was presented to the board of county commissioners, and that such proposition was by such board submitted to the electors of McLean county at the November, 1908, general election, but it is alleged, in effect, that such proposed change of county boundaries violates the constitutional provision requiring natural boundaries to be observed, in that it leaves all the part of the Missouri river lying between the middle of the main channel thereof and its east bank within the county of McLean. It is also therein alleged that two other propositions for county division were also submitted at such election. By paragraph 3 of such answer it is expressly denied that any notice of the election upon such special question of county division was published as alleged in the alternative writ, or in any other manner whatsoever, and it alleges that 3600 votes were cast at such general election, and upon the various propositions for county division 2,750 votes were cast, and that the proposition in question received but 1,006 affirmative votes; 811 votes having been cast in the negative. Then follow various allegations tending to show laches and grounds for estoppel on the part of the relator and those on behalf of whom he sues, which allegations we deem it unnecessary to set forth. Such answer next contains the following : "Defendant further answering, alleges that the entire vote on the question of county division was never returned to or canvassed by the county board of canvassers of McLean county; that although in each of the precincts of Butte, Douglas, Roseglen, Whittaker, Shell Creek and Turtle Lake votes were cast on the said question of county division. No returns from the said precincts of said vote were made to the board of county canvassers, and that the aggregate number of electors who voted in said precincts at the said election was 354. That it appears from the face of the election returns from each of the following precincts, that the number of the electors who voted on county division voted on the same ballot in favor of all three of the proposed changes appearing on the ballot Exhibit A, and that the precinct officers counted the same as a vote in favor of each proposition. Said precincts, and the votes so improperly counted in each as it

appears on the face of the returns, were as follows: Lincoln, 3 votes; Curtis, 2 votes; Malcolm, 1 vote; Garrison, 24 votes; St. Mary, 7 votes; LaMont, 1 vote; Goodrich, 11 votes; Mercer, 3 votes.

That all the foregoing facts were known to the relator, and to all others similarly situated and interested in said question of county division, but that they took no steps whatever to have said errors and omissions corrected, or to have a corrected count or canvas of all the votes on said question made. Defendant further alleges the fact to be that the actual number of electors who voted on the same ballot in favor of all three of the proposed changes was in excess of 200, and that ballots marked in the same way were counted as votes in favor of each of the three proposed changes in all the remaining precincts of the county of McLean." Nearly all of the allegations of such answer were, on relator's motion, stricken therefrom, and judgment ordered awarding the peremptory writ as prayed for.

The record contains the following stipulation of facts, which the abstract states was made and used in connection with the relator's motion to strike out :

## "STIPULATED SET OF FACTS.

That the official newspapers designated by the board of county commissioners of McLean county in which to publish the official proceedings of said board in 1908 were: The Washburn Leader, published at Washburn, N. D.; The Turtle Lake Wave, published at Turtle Lake, N. D., and The Searchlight, published at Martin, N. D., all in McLean county. That the notice of election was published in the Washburn Leader and in the Turtle Lake Wave on the 9th, 16th, 23d and 30th days of said month of October, 1908, in the form as appears in the copy of Washburn Leader hereto annexed. That the same notice was published in The Searchlight only three times, to-wit: On October 15th, 22d, and 29th. That a notice in the form as shown by the copy of Washburn Leader hereto annexed, under the heading 'Certificates of Nomination,' was published in the regular weekly editions of each of said three official newspapers two times, one in each of the two weeks next preceding the election. That each of the foregoing mentioned notices were published in The Searchlight on a separate sheet, folded in and mailed with the regular edition of said paper, as shown by the

copy of said newspaper hereto appended. That the remainder of McLean county, after segregating Stevenson and Sheridan counties, as described in the first and second questions respectively, appearing in the ballot, Exhibit A of defendant, contains 22 complete congressional townships, and in addition thereto fractional congressional townships containing an aggregate area of 135 complete government sections, equal approximately to four complete congressional townships. That the Garrison Commercial Club, of which M. F. Minehan, the relator in this case is a member, through its secretary, Herbert F. O'Hare, did about 10 days before the general election circulate by mail throughout the whole length and breadth of the county of McLean the following circulars, attached hereto, and made a part of this stipulated set of facts, marked 'Exhibit A' and 'Exhibit B'; that is, that the said Herbert F. O'Hare mailed a copy of each Exhibit A and B by United States mail to each and every voter within the whole county of McLean, as shown by the poll list of the primary election held in said county on June 24, 1908. Dated this 3d day of April, 1908."

The notice of election referred to in such stipulation was as follows :

## "NOTICE OF ELECTION.

"Notice is hereby given that on Tuesday, the 3d day of November next, in the year of our Lord 1908, at the established polling places in the several voting precincts in the county of McLean and the state of North Dakota, as hereinafter described, an election will be had for the election of state, legislative, county and district officers, to-wit."

Then follows an enumeration of the several offices to be filled at the election. And following such list of officers are the words "Three Petitions for County Division." These words are the only reference in such notice of election to the fact that such county division propositions were to be submitted.

The notice referred to in said stipulation under the heading, "Certificates of Nomination" is dated October 14, 1908, and is in the usual form, setting forth a list of the constitutional amendments to be voted on; the names of nominees for the various offices, after which the three county division propositions were set forth at length. The circular referred to as having been mailed to the va-

rious electors as disclosed by the primary election poll lists contains arguments in favor of the organization of both Stevenson and Sheridan counties, and explains the form of ballot and manner of voting, and, among other things, contains the following:

"It is necessary that a majority of all voters casting their ballots at such election shall be in favor of county division if the county is to be divided at the coming electon, and for this reason it is not only advisable, but necessary, that every voter who is in favor of the organization of the proposed county of Stevenson, or the proposed organization of the county of Sheridan, line 78-79, should vote for each of these on the ballot, and not for one alone."

The foregoing, we think, a sufficiently full statement of the record to enable us to properly dispose of the appeal.

There are three alleged errors assigned in appellant's brief as follows: (1) The court erred in overruling defendant's demurrer and motion to quash; (2) the court erred in striking out each of the several parts of the answer designated in paragraphs 1 to 16, both inclusive, of relator's motion to strike out; and (3) the court erred in awarding the peremptory writ of mandamus. Under these assignments numerous questions are presented and argued in the briefs of counsel relative both to points of practice and the merits, but we shall notice only those questions which we deem controlling.

In disposing of the various quesions presented it must be borne in mind that the proceedings for the division of a county and the organization of new counties are strictly statutory, and no intendment can be indulged in their favor. It is no doubt true that the statute must receive a liberal construction to the end that the legislative intent may be given effect, but where such intent is reasonably apparent, it is incumbent upon those who seek to interfere with existing county organizations by the creation of new counties to at least substantially conform to the requirements of the statute.

Regarding appellants first assignment of error there is a dispute between counsel as to whether a demurrer was interposed to the alternative writ, or merely a motion to quash, and in appellant's reply brief his counsel concedes that it may be treated merely as a motion to quash, and hence the order overruling the same, being no part of the judgment roll, cannot be reviewed. They contend, however, and correctly so, that the assignments of error raise the same objections to the sufficiency of the alternative writ which were

attempted to be raised by the motion to quash. Does such alternative writ, upon its face, show relator entitled to the relief prayed for? We think this question must be answered in the affirmative. Our answer might be otherwise if we were permitted to treat the stipulation of facts as modifying the allegations in such writ. But respondent's counsel contend, and we think correctly so, that such stipulated facts, not having been brought into the record by a statement of case, is not properly before us for such purpose. Therefore, in testing the sufficiency of the alternative writ, we must look only to the writ itself. From an examination of the writ it appears that all the statutory prerequisites were observed in submitting to the voters the proposition for the organization of Stevenson county, including the notice required of the submission of such proposition to the electors of McLean county.

It is true that in describing the territory proposed to be segregated from McLean county the petitioners designated the east and north "bank" of the Missouri river as its wesern boundary, and if such designation is to be given a strict and literal interpretation, the proceedings might be held to conflict with section 167 of our Constitution, which provides that: "In the organization of new counties and in changing the lines of organized counties  *  *  *  the natural boundaries shall be observed as nearly as may be." The western boundary of McLean county is the center of the main channel of the Missouri river, and it is the contention of appellant's counsel that, under the proposition as submitted and voted upon, the portion of the Missouri river between its main channel and its east and north bank would still continue a part of McLean county. We cannot assent to such contention. It was manifestly the intention of the petitioners, and of all who voted upon the proposition for the organization of Stevenson county, that its western boundary should extend to the extreme western boundary of McLean county, and it was unquestionably an oversight on the part of the petitioners, in describing the western boundary of such proposed new county, to use the language which was used in the petition. In the light of the facts and circumstances, and the manifest intent of all concerned, we think the only reasonable interpretation to be given the language employed is, that the western boundary of the proposed new county should extend to the western limit or boundary of McLean county, namely, to the center of the main channel of the

Missouri river. Our conclusion, therefore, is that the alternative writ upon its face is sufficient to afford relator the relief prayed for. This brings us to appellant's second assignment.

And here we are again confronted with a question of practice. Respondent's counsel vigorously urge that, in view of the fact that no statement of the case was settled, no question is properly before this court, except such as may arise upon the judgment roll proper. Hence they argue that the ruling of the trial court in striking out portions of the answer cannot be reviewed, not being a part of the judgment roll. Among other things, they say: "The motion to strike out certain designated portions of the answer is no part of the judgment roll. Such motion is entirely interlocutory and collateral, and does not involve the merits, nor necessarily affect the judgment, and may not be reviewed upon an appeal upon the judgment roll." In support of such contention they cite and rely upon Mooney v. Donovan, 9 N. D. 93, 81 N. W. 50; Bolton v. Donovan, 9 N. D. 575, 84 N. W. 357; Schomberg v. Long, 15 N. D. 506, 108 N. W. 332; State v. Fabrick, 16 N. D. 94, 112 N. W. 74; Elliott's App. Pro. 190 et seq.; also numerous authorities from California.

In Mooney v. Donovan, it was held merely that an order denying a motion to quash an alternative writ of mandamus forms no part of the judgment roll, and consequently is not reviewable on appeal from the judgment without such order is made part of the record by statement of case. The court said: "Before the order becomes a part of the judgment roll, it must not only involve the merits, but it must necessarily affect the judgment, either by terminating the action so that no judgment can be rendered, or by making it certain that by reason of the order the judgment will necessarily be different from what it would be were the order not made." The above language was used in construing what is now section 7081, Rev. Codes 1905, relating to the contents of the judgment roll. This statute which includes in the judgment roll, "All orders and papers in any way involving the merits and necessarily affecting the judgment was borrowed from the Wisconsin statute, and differs radically from the California Statute under which the California decisions cited by respondent's counsel were rendered. The case of Bolton v. Donovan merely involved the question of the appealability of an order, and is not in point here.

In Schomberg v. Long, it was held that on an appeal from the judgment an order taxing costs can be reviewed only upon a statement of case embracing the record upon which the court acted in making such order. The order in that case clearly was not an order "involving the merits and necessarily affecting the judgment." Hence such case it not an authority upon the question here involved.

We deem it reasonably clear that the order here involved, which granted relator's motion to strike out certain portions of the answer, "involved the merits and necessarily affected the judgment," and therefore is a part of the judgment roll, and reviewable on this appeal. Such is the express holding of this court in Township of Noble v. Aasen, 8 N. D. 77, 76 N. W. 990. In that case the court, on plaintiff's motion, struck out a counter-claim and on appeal from the judgment such ruling was the sole error assigned. It was urged that the order could not be reviewed, but the court held othewise, saying: "It was an intermediate order, which involved the merits, and necessarily affected the judgment; and, as such, it is reviewable on appeal from the final judgment, under section 5627 (section 7226, Rev. Codes 1905)." We are unable to agree, therefore, with respondent's counsel that upon this record the question presented is "clearly only a moot question, or at best entirely academic."

This brings us to a consideration of the correctness of the court's ruling in striking from the answer certain portions thereof complained of. By section 6870, Rev. Codes 1905, it is provided: "If irrelevant or redundant matter is inserted in a pleading it may be stricken out on motion of any person aggrieved thereby." The attitude of the trial court in striking out the alleged defences necessarily was that, although true, they did not constitute any defense. Assuming the truth of the allegations thus stricken from the answer, did they, or any of them, constitute a legal defense? If so, then manifestly the ruling complained of was prejudicial error. The order striking out such defenses and directing the issuance of the peremptory writ in effect terminated the case. The record, while containing findings of fact and conclusions of law, clearly discloses, we think, that no issues of fact were tried, at least no issues thus tendered by the new matter in the answer are covered by the findings. After the ruling complained of it was not only unnecessary, but it would have been manifestly useless, for defend-

ant to have offered proof relative to the matters'thus stricken from the answer. Township of Noble v. Aasen, supra, 8 N. D. 77, 76 N. W. 990.

Among the documents certified to this court is the stipulation regarding certain facts hereinbefore mentioned, and such stipulation is printed in the abstract, together with the following statement: "The foregoing stipulation was made and used in connection with the relator's motion to strike out." This statement is nowhere challenged by respondent's counsel, and they have not asked to strike from the record such stipulation or any other document. We think, therefore, that such stipulation is properly before us for the purpose of considering the order complained of under the decision of this court in Oliver v. Wilson, 8 N. D. 590, 80 N. W. 757, 73 Am. St. Rep. 784. In the light of the facts thus stipulated it is entirely clear that the provisions of the statute regarding the publication of notice of the submission of the proposition for the organization of Stevenson county were not substantially complied with. The statute (sections 2329, 637, Rev. Codes 1905) requires such notice to be published in each of the official newspapers of the county "at least once in each week for four successive weeks next preceding such election." Concededly the notice, such as was published, as hereinbefore stated, was published for three consecutive weeks only, in one of the official papers of the county, and we think it too clear for discussion that the notice as published in each of the papers was wholly insufficient. It in no manner apprised the voters or furnished them any information relative to the several county division propositions. We think it equally plain that the legislative intent was to furnish such information to the end that the electors might, prior to election day, have an opportunity to intelligently discuss with one another the advisability and feasibility of voting for or against the same.

It is not seriously argued by relators'counsel that such published notice was a compliance with the statute; but they contend that, inasmuch as the respective propositions were published at length in such official newspaper under the heading "Certificates of Nomination" for two weeks next preceding the election, this sufficed. The logical effect of such argument is that a two week's publication is a substantial compliance with the statute requiring four weeks' publication. We feel compelled to differ with respondent's counsel

in this regard. They also contend that any prejudicial consequence resulting from a failure to publish the notice as required by law was obviated by the fact as stipulated that the Garrison Commercial Club, through its secretary, mailed to each voter within the county, as shown by the poll lists of the primary election held in June preceding, a copy of Exhibits A and B, which contain a printed statement of each county division proposition, together with arguments in favor of county division. Such contention is manifestly erroneous. There is nothing to show that all or any considerable proportion of the legal voters participated in the primary election, and, furthermore, many persons may have become electors subsequent to such primary election, and prior to the general election. It follows from this conclusion that those portions of the answer tending to show that actual prejudice in fact resulted on account of a lack of due notice of the election were relevant and material. Any facts tending to show that there was not a full, fair and intelligent expression of the electors upon the proposition in question was, we think, relevant and material. That defendant could urge any defense showing the invalidity of the election we deem well settled. This he sought to do in his answer, first, by denying that notice of the election on such special question was given; and, second, by alleging the various matters tending to show that such election could not, in the absence of due notice, be sustained. The order complained of deprived him of the opportunity to do either.

After these defenses were stricken out, it was not incumbent on defendant to offer proof thereof, and as before stated, it would have availed him nothing by so doing. There was no issue left for trial except the issue as to notice of such election, and defendant was under no obligation to offer proof under this issue, even if permitted, in view of the attitude of the court with reference to his other defences which merely supplemented his defense of a want of due notice. But the record discloses that no opportunity was afforded defendant to make such proof. The relator's motion was dual in character. It asked, first, for an order striking from the answer the defenses aforesaid; and, second, for the issuance of the peremptory writ. The motion was granted in both particulars by one order, and thus the writ was directed to issue simultaneously with the granting of the relief first asked. This conclusion necessitates a reversal of the judgment and order appealed from; and,

in view of the aparent fact that the other questions presented will in all probability not again arise in the case, we shall not notice them at this time.

The judgment and order are reversed, and the cause remanded to the district court for further proceedings according to law.