SCISSONS, Respondent, v. CITY OF COLOME, SOUTH DAKOTA, Appellant.

(244 N. W. 543.)

(File No. 7271.   Opinion filed October 10, 1932.)

*H. O. Lund,* of Colome, for Appellant.

*Windsor Doherty,* of Winner, and *P. J. Donohue,* of Bonesteel, for Respondent.

POLLEY, J. The plaintiff is the owner of a quarter section · of land near by or adjacent to the city of Colome, in Tripp county. He alleges in his complaint that the said city of Colome is a municipal corporation organized as a city of the third class; that some time prior to the commencement of this action the said defendant, through its agents and officers, committed a trespass upon the said land of the plaintiff, and are continuing to commit such trespass, by going upon plaintiff's said land and digging three wells and operating the same by taking water therefrom for domestic and public purposes in the said city of Colome, all without the permission or consent of this plaintiff, to his damage in the sum of $1,000. To this complaint, defendant interposed a demurrer on the ground that the same does not state facts sufficient to constitute a cause of action against the defendant. This demurrer was overruled, and from the order overruling said demurrer, defendant appeals.

It is the contention of the appellant that municipal corporations are not liable for the unauthorized acts of their officers and agents. Whether or not a municipal corporation is liable for the unauthorized acts of its officers and agents depends upon the nature of the act complained of. Appellant cites and relies upon what was said by this court in Wilson v. City of Mitchell, 17 S. D. 515, 97 N. W. 741, 742, 65 L. R. A. 158, 106 Am. St. Rep. 784. In that case the superintendent of the city waterworks went upon a lot owned by the plaintiff upon which there was an artesian well, and without the consent of plaintiff connected the city water mains with the said well in such a way as to turn the water from the said well into the said water mains where the same was used by the public. Plaintiff brought suit against the city to recover the alleged value of the use and occupation of the said lot and the well thereon. This court held that plaintiff was not entitled to recover, and in the course of the opinion the court used the following language: "The municipality had no authority to connect its waterworks system with the well of the plaintiff without his consent, and the city officer, therefore, had no authority to invade plaintiff's property, and the city could not legally ratify the act of its agent in making such connection. As the city had no power to enter upon private property and appropriate the same to public

use, except in the manner provided by law for condemnation of such property, the defendant did not have the power to enter upon the lot of the plaintiff and use the same for public purposes without his consent. The acts of the officers of a municipality cannot bind it unless they are acting within the scope of the powers expressly granted by its charter or necessarily incident thereto, or indispensable to the proper exercise of the powers granted."

The above expression of the law cannot be reconciled with the facts in that case. In acquiring the said water supply the municipality, through its officers, was acting within the scope of its general authority. It had the right by either purchase or condemnation to acquire said water, but it did not have the right to appropriate the water in question without compensating the plaintiff, and when the city officials proceeded to appropriate the water without first having acquired the legal right to do so, the city became liable to plaintiff for the amount of damage suffered by him. The court was clearly wrong in denying plaintiff's right of recovery, and so far as that case has any bearing on this, it is expressly overruled.

In this case the city government had a right to acquire a water supply for the inhabitants of the city; it made such acquisition, but made it in an unlawful and improper manner. The case is on all fours with Schilling v. Carl Twp., 60 N. D. 480, 235 N. W. 126, 128. In that case the defendant had appropriated a strip of ground across plaintiff's land for a public road. The defendant advanced the same argument that is used by defendant here. But the court say: " 'When township officers, acting colore officii, perform an act which is entirely within the scope and power of the township to perform, but perform the same in an improper and unlawful manner, such act is, nevertheless, the act of the township.' * * * The township took property it had a right to take, has not paid for it, and being capable of being sued is liable for what it took. * * * The township took private property for a purpose for which it had a right to take such property, it kept the property, and refused to pay for it. There is nothing in the law which makes a township immune from suit in such a situation as this." See, also, Township of Noble v. Aasen, 8 N. D. 77, 76 N. W. 990.

In Hunt v. City of Boonville, 65 Mo. 620, 27 Am. Rep. 299,

the city removed stone from plaintiff's premises and used the same for city purposes, but without the plaintiff's permission. The city had authority under its charter to purchase said stone and use the same. The action was for the recovery of the damage caused by the removal of the stone. The defendant contended that "As the city had no authority under its charter to commit a trespass, or to order the commission of a trespass, an order to its servants to do an act which, when performed, constituted a trespass, would not make the city liable, as both the order and the act would be ultra vires. This argument fails to distinguish between the doing of an act in its nature unlawful, or prohibited, and the doing of an act in its nature lawful and authorized, at an unauthorized place, or in an unlawful manner. On the defendant's theory municipal corporations could never be held liable for the negligent or tortious acts of their agents and servants. As they have no authority to do wrong and cannot authorize their officers or servants to do wrong, therefore, it is argued, they can never be held liable for injuries inflicted by them. This is an unwholesome doctrine and is not supported either by reason or authority." See, also, Cavanagh v. City of Boston, 139 Mass. 426, 1 N. E. 834, 52 Am. Rep. 716.

■■ In this case the city of Colome, acting under the general provisions of section 6169, Rev. Code 1919, could lawfully have acquired the right to go upon plaintiff's premises and appropriate the water thereon for public use. But having proceeded in an unlawful manner to perform an act in its nature lawful, the city is liable to plaintiff for the damage resulting from such act. The logic of defendant's position is that a municipality is immune from suit for the wrongful acts of its officers and agents.

The order appealed from is affirmed.

CAMPBELL, P. J., and WARREN and RUDOLPH, JJ., concur.

ROBERTS, J., concurs in result.