ALBERTA H. SITTE and Helen Sitte, Respondents, v. F. D. TONNE, Don J. Clark and C. T. Paulson, as the Board of Trustees within and for the Village of Abercrombie, Richland County, North Dakota, Appellants.

(209 N. W. 658.)

**Municipal corporations — record must show affirmatively that statutory requirements have been complied with, burden on plaintiff.**

1. In an action to detach farm lands from a city, town, or village, it must affirmatively appear in the record that all the statutory requirements have been complied with, and the burden of proof thereof is upon the plaintiff.

**Municipal corporations — to detach farm lands from village board cannot proceed till notice of presentation of petition has been published as required by law.**

2. Under § 3970, Comp. Laws 1913, no final action can be taken by the board of trustees of a village in an action to detach farm lands therefrom until notice of the presentation of a petition has been given by publication in some newspaper published in the village, or if no newspaper is published therein, then in the newspaper published nearest thereto.

**Municipal corporations — notice held insufficient because published in newspaper two miles further than nearest publication.**

3. In the case at bar the plaintiffs petitioned the board of trustees of the village of Abercrombie to detach certain farm lands from said village. There is no newspaper published in Abercrombie and the notice was published in the "Wahpeton Globe" two miles further from Abercrombie than the town of Walcott where the "Walcott Reporter" is published. The notice should have been published in the "Walcott Reporter," that publication being nearest to the said town of Abercrombie, and since the notice was not published in the newspaper, published nearest to the village of Abercrombie, there was no statutory notice and no jurisdiction in the board of trustees or in the courts and action must be dismissed.

Opinion filed May 17, 1926.

Municipal Corporations, 28 Cyc. p. 199 n. 26; p. 202 n. 54 New; p. 206 n. 92 New; p. 207 n. 98.

Appeal from the District Court of Richland County, *McKenna*, J. Reversed and dismissed.

*G. H. Korsvik* and *Lauder & Lauder*, for appellants.

A writ of mandamus is not wholly a writ of right, but lies to a considerable extent within the sound discretion of the court, and it should not be issued to compel a technical compliance with the letter of the law when this involves a violation of its spirit. Wietwald v. Dotson, 30 Pac. 580.

*Purcell & Heder* and *Schneller & Schneller*, for respondents.

The nearest court house is not necessarily the one nearest by geometrical measurement, but may be the one most convenient of access and nearest by the usual travelled route. Shaw v. Cade, 54 Tex. 307.

BURKE, J. Albert H. Sitte and Helen Sitte, owners of certain lands in the village of Abercrombie, North Dakota, on the 24th day of July,

1924, filed in the office of the village clerk of said village of Abercrombie a petition to disconnect the said lands from the said village.

After hearing on petition the village board finds: "That there is no newspaper published in the village of Abercrombie, aforesaid and that the newspaper published nearest to the village of Abercrombie is the Walcott Reporter a weekly legal newspaper published in the village of Walcott in said county; that notice of the filing of said petition and the hearing to be had thereupon was published in the Wahpeton Globe a newspaper published in the city of Wahpeton in said county, which said last named newspaper is published several miles further distant from the village of Abercrombie, than the said Walcott Reporter and that accordingly notice of the filing of said petition and the hearing to be had thereupon has not been published as required by law and that this board has not acquired jurisdiction to finally and legally determine the matter of said application and petition." If the board did not acquire jurisdiction it of course had no authority to proceed further, and likewise the district court, before which the matter was brought on certiorari, was without jurisdiction.

It is the contention of the defendants that the board of trustees have no authority to act at all until the notice of hearing has been published in accordance with § 3970, Comp. Laws 1913, which reads as follows:

"No final action shall be taken by the city council or the board of trustees, as the case may be, upon any petition presented in pursuance of the provisions of the last two sections until notice of the presentation of such petition has been given by the petitioners by publication at least once in each week for two successive weeks in some newspaper published in the city, town or village where the petition is presented; or if no newspaper is published therein, then in the newspaper published nearest thereto."

Counsel for the plaintiff concedes that the publication of the notice is jurisdictional. He further concedes that "Walcott" is two miles nearer the town of Abercrombie than "Wahpeton," but claims that the publication in the "Wahpeton Globe" is a substantial compliance with the law.

The language used in § 3970 is mandatory. It says: "No final action shall be taken by the city council or the board of trustees, as the case may be, upon any petition . . . until notice . . . of

such petition has been given . . . by publication . . . in some newspaper published in the city, town or village . . . or if no newspaper is published therein, then in the newspaper published nearest thereto." In construing this section, the South Dakota court, in the case of Weiland v. Ashton, 17 S. D. 622, 98 N. W. 87, said: "However, the city council cannot act upon any petition before the required notice of its presentation has been given, . . .; and, in order to confer jurisdiction, it must affirmatively appear therefrom that all the preliminary steps before the city council have been taken in strict conformity with the statute. . . . In the absence of anything to show compliance with its requirements as to notice, and the presentation of a petition to the city council, the motion to dismiss ought to have been sustained."

The rule is stated in McQuillin on Municipal Corporations, in §§ 281–283, as follows: "Proceedings to annex or to detach territory, or extend or reduce corporate limits, to be valid, must, in substance, follow the essential requirements of the laws authorizing such action." State ex rel. Sigsbee v. Birmingham, 167 Ala. 654, 52 So. 461; People ex rel. Scholler v. Long Beach, 155 Cal. 604, 102 Pac. 664; McQuillin, Mun. Corp. § 283: "Where notice of the proceeding is required the law relating to the contents of the notice and the manner and time of giving the same, must be observed." McQuillin on Municipal Corporations places the annexation of territory to and the disconnection of territory from city or town or village in the same class. They are of equal importance and since the statute provides that no action can be taken by the city council or board of trustees until notice is published, the publishing of the notice is a condition precedent and the burden is on the plaintiff to prove the publication of notice as required by law. 20 R. C. L. 358, § 24; Vann v. Marbury, 100 Ala. 438, 23 L.R.A. 325, 46 Am. St. Rep. 70, 14 So. 273; Feinberg v. Stearns, 56 Fla. 279, 131 Am. St. Rep. 119, 47 So. 797; Boyd v. Boyd, 128 Iowa, 699, 111 Am. St. Rep. 215, 104 N. W. 798; Wilson v. McCullough, 23 Pa. 440, 62 Am. Dec. 347.

It is clear that the power to disconnect territory from a city, town, or village is in the same class with the power to annex territory to cities, towns or villages. It is a statutory power and since there is no au-

thority outside of the statute, there must be a strict compliance with its requirements.

In the case of Red River Valley Brick Co. v. Grand Forks, 27 N. D. 36, 145 N. W. 731, this court held: "This court has heretofore announced its construction of the law regarding the powers of cities. In Stern v. Fargo, 18 N. D. 289, 26 L.R.A.(N.S.) 665, 122 N. W. 403, . . . , we held it to be well settled that incorporated cities have only the following powers: 1. Those granted in expressed words; 2, those necessarily implied or incident to the powers expressly granted; 3, those essential to the declared objects and purposes of the corporation, . . . 4, that doubtful claims of power, or doubt or ambiguity in the terms used by the legislature, are resolved against the corporation."

In State ex rel. Minehan v. Meyers, 19 N. D. 804, 124 N. W. 701: "It must be borne in mind that the proceedings for the division of a county and the organization of new counties are strictly statutory, and no intendment can be indulged in their favor." Section 3754, Comp. Laws 1913, requires such resolutions to be published in the manner set forth and copies posted within the territory proposed to be annexed, and after notice duly given, property owners may file protest against the annexation. Whereupon the original resolution was amended so as to include less territory and the territory described in the amended resolution was thereupon declared to the city without publication or posting and the action of the city council was declared invalid.

There being no newspaper in the village of Abercrombie, it was necessary under the law to publish the notice in a newspaper published nearest to the said town of Abercrombie, and the "Walcott Reporter," published at Walcott, was the nearest publication. It will not do to say that the notice of publication in the "Wahpeton Globe" was notice to the interested parties. The legislature has said that it must be published in the paper in the town, if there is one, and if there are none published in the city, town, or village, then in the one published nearest thereto.

The statutory notice was not given and it follows that the decision of the lower court must be, and is reversed, with instructions to dismiss the action. It is so ordered.

CHRISTIANSON, Ch. J., and JOHNSON, NUESSLE, and BIRDZELL, JJ., concur.