STATE of Texas ex rel. AMERICAN MAN-
UFACTURING COMPANY OF TEXAS,
et al., Appellants,

v.

CITY OF FORT WORTH et al., Appellees.

No. 15930.

Court of Civil Appeals of Texas.

Fort Worth.

May 16, 1958.

**336**

Howard M. Fender, Dist. Atty., and Richard U. Simon, Fort Worth, for appellants.

R. E. Rouer, S. G. Johndroe, Jr., Robert R. Goodrich, G. Gordon Whitman, Earl C. Morgan, Lloyd W. Perkins, and John Gano, Fort Worth, for appellee, City of Fort Worth.

Wade, Davis, Callaway & Marshall, and Clyde M. Marshall, Jr., Fort Worth, for appellee Town of Saginaw.

RENFRO, Justice.

With proper leave of the court a quo warranto was filed by the State of Texas on relation of the American Manufacturing Company of Texas to determine the validity of City of Fort Worth Ordinance No. 3418, which purported to annex an area of land that included an area previously annexed by the Town of Saginaw in Ordinance No. 67. The Town of Saginaw was made a party to determine the validity of its Ordinance No. 67.

The court entered a lengthy judgment, the gist of which was to uphold the validity of Saginaw Ordinance No. 67, holding that said ordinance established an enforceable municipal jurisdiction in Saginaw over all the area described in said ordinance; that

Fort Worth Ordinance No. 3418 established a valid and enforceable jurisdiction in Fort Worth "over all that area of land described in said ordinance excepting only that portion of land described in said Ordinance No. 3418 which is contained in the area of land described in said Ordinance No. 67" of the Town of Saginaw.

The area described in Fort Worth Ordinance No. 3418 crosses the tract previously annexed by Saginaw, and includes land on both sides of the Saginaw annexation.

The State and relator contend that since Fort Worth annexation Ordinance No. 3418 included an area theretofore annexed by Saginaw, and inasmuch as the Fort Worth Ordinance was a single non-severable ordinance purporting to annex a single integral area of land, such ordinance was void in its entirety.

The record reflects that Saginaw adopted Ordinance No. 67 on November 26, 1954. On June 15, 1955, an act of the Legislature became effective which validated prior annexation proceedings of towns and cities of 15,000 inhabitants or less. Article 974d–5, Vernon's Ann.Civ.St. On January 11, 1956, Fort Worth adopted on first reading Ordinance No. 3418, which proposed to annex certain territory including the part previously annexed by Saginaw Ordinance No. 67. Fort Worth Ordinance No. 3418 was finally passed December 12, 1956, on second reading. The instant suit was filed February 19, 1957.

The municipal authority which first commences legal proceedings asserting authority over a given territory thereby acquires a jurisdiction over the same which cannot thereafter be defeated by a subsequent attempted exercise of jurisdiction by a similar municipal corporation. State ex rel. George v. Baker, 120 Tex. 307, 40 S.W. 2d 41; State ex rel. Binz v. City of San Antonio, Tex.Civ.App., 147 S.W.2d 551; City of Terrell Wells v. City of San Antonio, Tex.Civ.App., 216 S.W.2d 657; City of Houston v. State ex rel. City of West

University Place, 142 Tex. 190, 176 S.W.2d 928; Beyer v. Templeton, 147 Tex. 94, 212 S.W.2d 134.

■ In the instant case, Saginaw had not only commenced but had completed the annexation of a portion of the territory described in Fort Worth Ordinance No. 3418 before said No. 3418 was passed by the City Council of Fort Worth on first reading.

Under the law as announced and followed in the above cited cases, there can be no doubt Ordinance No. 3418 was invalid in so far as it attempted to annex territory previously annexed by Saginaw.

■ Fort Worth contends, however, that the ordinance was valid, subject to exclusion of that territory previously annexed by Saginaw.

Ordinance No. 3418 described a single tract of land. It made no mention of the area previously annexed by Saginaw, and of course made no effort to except the Saginaw territory. It dealt only with the annexation of the territory described in said Ordinance. It contained no "saving clause."

Since Ordinance No. 3418 was invalid as to a portion of the area attempted to be annexed, we think it was invalid as a whole. The whole ordinance pertained to no one single matter, i. e., the annexation of one certain described tract of land. As said by the Supreme Court in City of Wink v. Griffith Amusement Co., 129 Tex. 40, 100 S.W. 2d 695, 698, "* * * since sections 1 and 3 of the ordinance were void * * *, the whole ordinance was void, all sections being interdependent and related to these sections."

Had Fort Worth known such territory had been annexed previously by Saginaw, it might or might not have annexed the remaining area, or it might or might not have annexed a part of the territory not included in the Town of Saginaw. That is a matter for the City Council of the City of Fort Worth to determine.

■ To be effective as to the territory exclusive of the Saginaw annexation, the ordinance would have to be reformed. An ordinance may not be reformed by judicial action.

■ The City of Fort Worth argues by counterpoint that the State was not a real party to the suit, that the District Attorney took no part in the actual trial, citing State ex rel. Steele v. Heath, Tex.Civ.App., 44 S.W.2d 398. In the Steele case the State was "neither represented nor in any way participating, either through the district attorney or any other officer, * * *" and nobody for State gave notice of appeal.

In the instant case the State brought the suit through signed pleadings of the District Attorney of Tarrant County. The District Attorney authorized relator's attorney to be his special assistant in the trial proceedings. The State gave notice of appeal from the judgment rendered. The appeal bond signed by relator recited that the State desired to appeal, but was not required to file an appeal bond. The brief for the State and relator in this court is signed by the District Attorney.

Under the above record, it is not material that the District Attorney did not, himself, participate in the actual trial. The suit was filed in his name and prosecuted with his full consent and he appealed for the State. State ex rel. Bennett v. Clarendon Independent School District, Tex.Sup., 298 S. W.2d 111.

■ By separate appeal the City of Fort Worth claims the court erred in upholding the validity of Saginaw Ordinance No. 67 and in holding that Fort Worth Ordinance No. 3418 did not establish a valid and enforceable municipal jurisdiction over that portion of land described in No. 3418 which is included in Saginaw Ordinance No. 67.

From the date of incorporation in 1949 to date of trial, the population of Saginaw was never less than 561 nor more than 675. The original incorporation included exactly two

square miles. Article 971, Vernon's Ann. Civ.St., provides in part that "No city or town in this State shall be hereafter incorporated under the provisions of the general charter for cities and towns contained in this title with a superficial area of more than two square miles, when such town or city has less than two thousand inhabitants, * * *." The City contends the above statutory prohibition applies to subsequent annexations as well as the original incorporation, and thus Ordinance No. 67 was ineffective as in violation of art. 971.

We have given careful attention to all authorities and statutes cited by Fort Worth, but pretermit discussion of same because we have concluded that if any irregularities accompanied the passage of Saginaw Ordinance No. 67, they have been cured by a validating act passed by the Legislature subsequent to its passage and prior to any effort on the part of Fort Worth to annex the disputed territory.

The 54th Regular Session of the Legislature passed Senate Bill 435, with an effective date of June 15, 1955. The act, designated as art. 974d–5, Vernon's Ann.Civ.St., in Section 1 validated the incorporation or attempted incorporation, under the General Laws of Texas, of all towns and cities in this state of 15,000 inhabitants or less, and Section 2 provided, "The boundary lines of all such cities and towns, including both the boundary lines covered by the original incorporation proceedings and by any *subsequent extension* [our emphasis] thereof, are hereby in all things validated."

Without belaboring this opinion with an analysis of the many authorities cited by both Saginaw and the City of Fort Worth, we hold that the trial court was correct in construing the above statute as a validation of Saginaw's boundaries.

 The enactment of remedial or curative statutes constitutes a valid exercise of legislative power. The Legislature may ratify anything it could have authorized in the first instance. City of Mason v. West

Texas Utilities Co., 150 Tex. 18, 237 S.W.2d 273.

The judgment of the trial court holding Fort Worth Ordinance No. 3418 to be valid is reversed and judgment here rendered that said ordinance is invalid and totally ineffective. In all other respects the judgment of the trial court is affirmed.

Affirmed in part and in part reversed and rendered.