**CITY OF WEST FARGO, North Dakota, a Municipal Corporation, Plaintiff and Appellee,**

v.

**CITY OF FARGO, North Dakota, a Municipal Corporation, Defendant and Appellant,**

and

**City of Riverside, North Dakota, a Municipal Corporation, Defendant.**

Civ. No. 9297.

Supreme Court of North Dakota.

March 24, 1977.

Duane R. Breitling, of Ohnstad, Twichell, Breitling, Arntson & Hagen, West Fargo, for plaintiff and appellee.

Wayne O. Solberg, of Solberg, Stewart & Boulger, Fargo, for defendant and appellant.

VOGEL, Justice.

This is an appeal by the City of Fargo from a portion of a judgment in favor of the City of West Fargo, holding:

"4. That the annexation proceedings as set forth in Sections 40–51.2–07 and 40–51.2–08 through 40–51.2–16 N.D.C.C. should be construed together so as to constitute one continuous process commencing at the time of the adoption of the resolution of annexation by a municipality.

"5. That the annexation proceedings of the Cites of West Fargo, Riverside and Fargo are in conflict, and that such conflict should be resolved by the Annexation Review Commission."

The judgment was entered in an action commenced by West Fargo against Fargo

and the City of Riverside. The City of Riverside is not a participant in the present appeal. The action was commenced by West Fargo to resolve a conflict between proceedings of West Fargo and Fargo to annex the same property. The action asked for a permanent injunction, a temporary restraining order, a writ of prohibition, and for a declaratory judgment.

We affirm the judgment. In resolving the issues raised, we must interpret for the first time certain provisions of the laws of this State relating to annexation of property to municipalities.

## FACTS

On March 29, 1976, West Fargo adopted a resolution of annexation of 2,673 acres of land in Cass County. Part of the land in question lies between Fargo and West Fargo. The first publication of the resolution was on April 7, 1976.

At that time, the land in question in this appeal, consisting of 160 acres (the Northeast Quarter of Section 16, Township 139 North, Range 49 West of the Fifth P.M.), could not have been annexed to Fargo, because it was not adjacent to any part of Fargo, and municipalities are forbidden to annex nonadjacent property. Sec. 40–51.2–03, N.D.C.C. The tract in question became contiguous on April 15, 1976, when Fargo completed annexation of land lying between the Northeast Quarter of Section 16 and the former boundaries of Fargo. Prior to that date, petitions for annexation to Fargo of the Northeast Quarter of Section 16 were signed by owners of the property within the quarter-section on March 26, 1976, and April 5, 1976, and submitted to the City of Fargo prior to April 15, 1976. Notice of the petition was published in the official newspaper of Fargo on April 23, 1976, and on April 27, 1976, Fargo gave the first reading to an ordinance annexing the quarter-section. The second reading was scheduled for May 4, 1976, but on May 3, 1976, the district court issued a temporary restraining order restraining Fargo from adopting any ordinances or resolutions to effectuate the annexation of the disputed tract.

In the meantime, protests against West Fargo's annexation had been filed prior to May 3, 1976. The protests were filed by more than 25 percent of the electors living in the 2,673-acre tract, or owners of more than 25 percent of the assessed valuation of the land located therein. On May 10, 1976, the city commission of West Fargo petitioned the Attorney General of North Dakota to set up an annexation review commission pursuant to Sections 40–51.2–09 to 40–51.2–17, N.D.C.C.

On May 18, 1976, the district court held a hearing and vacated its temporary restraining order. Thereafter, Fargo purportedly completed annexation of the disputed quarter-section. The court based its dissolution of the temporary restraining order upon subsection 7 of Section 32–05–05, N.D.C.C., providing that an injunction cannot be granted to prevent a legislative act by a municipal corporation. The court thereafter entered a judgment containing those provisions quoted above which are the subject of this appeal.

## LAW AND DECISION

■■ The first question to be decided is whether West Fargo's annexation proceedings have priority over Fargo's or vice versa, or whether neither has priority. We hold that West Fargo's proceedings have priority, under the general rule that the proceedings first in time are first in right.

In *State ex rel. Johnson v. Clark*, 21 N.D. 517, 131 N.W. 715, 718 (1911), this court had before it a dispute between the City of Minot, attempting to annex certain property, and an attempted incorporation of a village containing the same property. We held then that

"Every possible reason suggests the propriety of permitting that body which first secures jurisdiction to proceed in determining the questions involved."

We also held that the important jurisdictional dates were the date the city council

of Minot passed its resolution of annexation (March 18, 1909) and the date the would-be incorporators of the village presented their petition to the board of county commissioners (April 7, 1909). Since the city resolution was first in time, it was held that

". . . the city council of Minot, having first acquired jurisdiction, secured also the duty to retain it and proceed to a final hearing and disposition of the application as prescribed by law."

This court so held in spite of the fact that the original proceedings of the City of Minot were defective, and the proceedings were not completed until after the village incorporation proceedings were supposedly completed.

In the present case, both cities agree that the general rule is as we have stated it. Both cite 2 McQuillin Mun. Corp. (3d Ed.), 1966 Rev.Vol., § 7.22a:

"The rule that among separate equivalent proceedings relating to the same subject matter, that one which is prior in time is prior in jurisdiction to the exclusion of those subsequently instituted, applies, generally speaking, to and among proceedings for the municipal incorporation, annexation, or consolidation of a particular territory; i. e., in proceedings of this character, while the one first commenced is pending, jurisdiction to consider and determine others concerning the same territory is excluded. Thus, where two or more bodies or tribunals have concurrent jurisdiction over a subject matter, the one first acquiring jurisdiction may proceed, and subsequent purported assumptions of jurisdiction in the premises are a nullity. This principle of the common law is based upon the general public policy of the promotion of the orderly administration of government and justice."

However, Fargo argues that the two proceedings are not "equivalent"; first, because West Fargo's proceedings were terminated and nullified by the filing of the protests of more than 25 percent of the landowners or the owners of more than 25 percent of the land, and, second, because West Fargo's petition to the Annexation Review Commission commenced a new proceeding which was later in time than Fargo's. Thus we reach the second question involved in the appeal, whether the filing of the protests or the invocation of the statutory annexation review commission procedure terminates the annexation proceedings or is a part of them. We hold that the annexation proceedings are continuous, regardless of the filing of the protests or the invocation of the annexation review commission procedure, until such time as the proceedings are terminated in accordance with the statutory procedure.

It is our view that the statutory provisions as to the annexation review are not a separate method of annexing territory, and that protests do not terminate an annexation proceeding, but that both are constitutent parts of the overall annexation process. Except for minor amendments not material to the issue before us, substantially all of Chapter 40–51.2 was adopted in 1969 as Chapter 381 of the Session Laws of 1969. While Section 40–51.2–08 provides that the governing body of any municipal corporation may petition the Attorney General for annexation, this section must be read in conjunction with the last sentence of Section 40–51.2–07, the preceding section, which provides:

"If the owners of one-fourth or more of the territory proposed to be annexed protest, the city may seek annexation by petition to the annexation review commission as hereinafter provided."

Thus the invoking of the annexation review commission procedure is authorized if the voluntary procedure is halted by protests. It is a continuation of the same process.

We are also satisfied that the Fargo annexation proceedings and the West Fargo annexation proceedings are "equivalent" proceedings, so that the "first in time, first in right" doctrine applies. Fargo proceeded by voluntary petition followed by the passage of an ordinance after appropriate notice was given, while West Fargo proceeded

by city council action followed by notice and request for action by the Annexation Review Commission when protests were filed. Although the procedures followed were somewhat different, both were authorized by the Municipal Annexation Act of 1969, Chapter 40–51.2, and are "equivalent" proceedings, just as less-similar proceedings have been held "equivalent" in other cases, such as *State ex rel. Johnson v. Clark, supra* [annexation proceeding and incorporation proceeding]; *Borghi v. Board of Supervisors of County of Alameda*, 133 Cal.App. 463, 284 P.2d 537 (1955) [incorporation proceeding and annexation proceeding]; *Village of Brown Deer v. City of Milwaukee*, 274 Wis. 50, 79 N.W.2d 340 (1956) [consolidation proceeding and annexation proceeding]; and *State ex rel. Winn v. City of San Antonio*, 259 S.W.2d 248 (Tex.Civ.App.1953) [annexation proceeding and incorporation proceeding].

■ Fargo raises a third point, that the annexation review commission procedure, as applied to a dispute between two municipalities as to annexation of property between them, is essentially unfair since one of the municipalities is represented on the Annexation Review Commission while the other is not. This point has logical merit, but, in our view, raises no legal issue precluding action by the Annexation Review Commission. It is a matter for the Legislature. The argument arises from the fact that an annexation review commission is composed of the Attorney General, one county member, and one city member. Sec. 40–51.2–10, N.D.C.C. A county member is appointed by the board of county commissioners from the township board in which the territory is situated or from the county commission if the township is not organized. The governing body of the municipality instituting the annexation proceeding appoints one of its members as a city member. Thus the city invoking the annexation review commission procedure is represented on the commission, while the other city involved is unrepresented.

We have examined the legislative history of the Municipal Annexation Act of 1969

without receiving much enlightenment on this question. It seems clear that the main purpose of the Legislature in adopting the Act was to provide for resolution of the dispute arising in the usual case, where some of the disputants are residents of a city seeking to annex land outside any municipality and the others are rural residents of the area sought to be annexed. The Legislature apparently gave little, if any, thought to the problems that would arise if the annexation of the same property is sought by two municipalities. Nevertheless, we must construe the statute as it is written and apply it to the facts before us. We recognize that the statute is unfair on its face to the municipality not invoking the commission procedure, but we cannot say that it is constitutionally invalid or otherwise unenforceable.

■ Of course, the contesting city which is not represented on the commission may participate in the hearing as fully as any other party to the proceeding. See Sec. 40–51.2–12. It may also apply for a writ of certiorari if dissatisfied with the decision. See Sec. 40–51.2–15.

We hold (1) that the annexation proceedings of the City of Fargo are invalid, for the reason that the West Fargo proceedings were prior in time and thus preclude annexation proceedings by any other municipality while they are pending and so long as they are not unreasonably delayed; (2) that the Annexation Review Commission was validly invoked as a part of the West Fargo annexation procedure; and (3) that the Annexation Review Commission has the authority to consider the claims of both cities as well as any rural areas involved.

Affirmed.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.