Charles L. FREY, Mary Ellen Frey, John Ronsberg, Lisa Ronsberg, Robert Seitz, Angela Seitz, Plaintiffs and Appellants,

and

Robert Frey, Connie Frey, James Madsen, Angela Madsen and Bloom Township, Plaintiffs,

v.

CITY OF JAMESTOWN, Defendant and Appellee,

and

American Prairie Foods, L.L.C., Intervenor.

Civil No. 950287.

Supreme Court of North Dakota.

May 31, 1996.

Mark R. Hanson (argued), of Nilles, Hansen & Davies, Ltd., Fargo, for plaintiffs and appellants.

Kenneth L. Dalsted (argued), City Attorney, Jamestown, for defendant and appellee.

Joseph F. Larson II (no appearance), Jamestown, for Intervenor.

MESCHKE, Justice.

Charles and Mary Ellen Frey, John and Lisa Ronsberg, and Robert and Angela Seitz (plaintiffs) appealed from a summary judgment dismissing their lawsuit to enjoin the City of Jamestown from annexing a 100–acre tract and from zoning it for industrial use. We hold that the plaintiffs were not entitled to injunctive relief because Jamestown complied with the statutory procedures for annexing and zoning the land. We affirm the judgment.

The plaintiffs own agricultural land adjacent to the 100–acre tract that lies east of Jamestown and north of Interstate 94 in Bloom Township. In April 1994, Robert and Connie Frey, then owners of the 100–acre tract, granted Columbia Foods, the predecessor to American Prairie Foods, an option to purchase the tract. Columbia Foods planned to build a potato processing plant there.

On August 1, 1994, Jamestown adopted a resolution to annex the 100–acre tract. Jamestown published a notice of hearings for September 6, 1994, on the annexation resolution and to simultaneously zone the land for industrial use.[1] Robert and Connie Frey filed a written protest to the annexation resolution and, along with the plaintiffs, filed a written protest to the proposed zoning amendment. At the September 6 hearing, the Jamestown City Council voted to "postpone" and "delay" consideration of the annexation resolution. This delay also effectively postponed consideration of the related zoning amendment.

Meanwhile, on September 2, 1994, the Jamestown City Council approved a loan to American for purchase of the land from Robert and Connie Frey, and on October 3, 1994, American purchased the land. Jamestown then published a notice of hearing for October 26 on the annexation resolution and the related zoning amendment. Robert and Connie Frey and the plaintiffs again protest-
ed the annexation resolution and the related zoning amendment.

On October 24, 1994, the plaintiffs, together with Bloom Township, James and Angela Madsen, and Robert and Connie Frey, sued Jamestown to enjoin the annexation resolution and the related zoning amendment. The plaintiffs alleged Jamestown had failed to comply with the statutory procedures for annexation and zoning. On October 25, the trial court granted a temporary restraining order that prohibited Jamestown from annexing or rezoning the land pending a trial on the merits.

On October 25, 1994, American petitioned to annex the 100–acre tract. At the October 26 meeting, the Jamestown City Council considered the protests to the first annexation resolution and related zoning amendment. The City Council defeated the annexation resolution, took no action on the related zoning amendment, and accepted American's petition to annex the land.

The trial court then dissolved its temporary restraining order, concluding that Jamestown's decisions on the annexation resolution and related zoning amendment were legislative acts under NDCC 32–05–05(7) that could not be enjoined. The court ruled that, under NDCC Ch. 40–51.2, Jamestown's annexation resolution was a separate proceeding from American's annexation petition and that, although Jamestown had made errors in the resolution process, the resolution had been defeated, thereby freeing Jamestown to consider American's annexation petition.

In December 1994 and January 1995, Jamestown published a notice of hearing for January 11, 1995, on American's annexation petition and a related proposal to zone the land for industrial use. The plaintiffs filed protests, and they presented their objections at the January 11 hearing. The Jamestown City Council nevertheless adopted ordinances to annex the 100–acre tract and to zone it for industrial use.

Thereafter, the trial court granted summary judgment dismissing the plaintiffs'

---

1. Otherwise, according to counsel for Jamestown, a standing city ordinance would have auto-matically zoned any newly annexed land residential.

lawsuit to enjoin Jamestown's attempted annexation by resolution. The court, however, allowed the plaintiffs to amend their complaint to seek declaratory and injunctive relief from the completed annexation and zoning amendment and, under 42 U.S.C. § 1983, to allege a violation of their civil rights.

Bloom Township, James and Angela Madsen, and Robert and Connie Frey settled their claims with Jamestown, and they were dismissed from the lawsuit. The trial court later granted summary judgment dismissing the plaintiffs' lawsuit to enjoin the completed annexation and zoning proceedings.

The trial court held that the plaintiffs' claims about Jamestown's annexation resolution were moot because those proceedings were separate from American's annexation petition, and that Jamestown was entitled to defeat the annexation resolution and proceed with American's annexation petition. The court ruled that Jamestown had complied with the statutory procedures for annexation by petition and for amending the zoning ordinance, and that Jamestown's decision to annex and rezone the land were legislative acts under NDCC 32–05–05(7) that could not be enjoined. The court also dismissed the plaintiffs' civil rights claims. The plaintiffs appealed.

I

The plaintiffs urge that this annexation and zoning proceeding was a single, continuous procedure where Jamestown failed to follow the statutory mandates for annexation and zoning. The plaintiffs argue Jamestown's failures to comply with the statutory requirements were not legislative acts, and the trial court therefore erred in dismissing their action for injunctive and declaratory relief.

■ Summary judgment is a procedural device for the prompt disposition of a controversy without a trial if either party is entitled to judgment as a matter of law, if no dispute exists as to either material facts or inferences to be drawn from undisputed facts, or if resolving disputed facts would not alter the result. *Osterman–Levitt v. MedQuest, Inc.,* 513 N.W.2d 70 (N.D.1994). Even if a factual dispute exists, summary judgment is proper if, under the law, a resolution of the factual dispute will not change the result. *Littlefield v. Union State Bank,* 500 N.W.2d 881 (N.D.1993). The interpretation of a statute is a question of law that is fully reviewable. *Matter of Annexation of Unity Public School Dist.,* 540 N.W.2d 393 (N.D.1995). We review the plaintiffs' arguments in that context.

■ "An injunction cannot be granted ... [t]o prevent a legislative act by a municipal corporation." NDCC 32–05–05(7). In *Red River Valley Brick Co. v. Grand Forks,* 27 N.D. 8, 145 N.W. 725 (1914), this court upheld injunctive relief against a municipality because it failed to comply with the statutory requirements for annexing property. We said that generally a municipality's decision to extend its corporate limits is a legislative act that may not be enjoined, but that injunctive relief is appropriate if the municipality fails to follow the statutory procedures for annexing property. We distinguished between a municipality's illegal exercise of its annexation power and the wisdom of the municipality's decision to annex land. We said the former was a judicial function that could be enjoined, while the latter was a legislative act that could not be enjoined. *See Munch v. City of Mott,* 311 N.W.2d 17 (N.D.1981) (enactment of zoning ordinance is legislative act, but interpretation of zoning ordinance is quasijudicial act); *Fradet v. City of Southwest Fargo,* 79 N.D. 799, 59 N.W.2d 871 (1953)(interpretation of statute is judicial function). In a similar context, we have also said that a declaratory judgment action may be an appropriate method to challenge the validity of a zoning ordinance. *Pulkrabek v. Morton County,* 389 N.W.2d 609 (N.D.1986). *See Cowan v. Stroup,* 284 N.W.2d 447 (N.D. 1979); *Eck v. City of Bismarck,* 283 N.W.2d 193 (N.D.1979); NDCC 32–23–02 ("Any person ... whose rights ... are affected by a ... municipal ordinance ... may have determined any question of ... validity arising under the ... ordinance ... and may obtain a declaration of rights ... thereunder."). Declaratory and injunctive relief are appropriate if a municipality fails to comply with the statutory procedures for annexation and zoning, but may not be used to test the wisdom of an annexation or zoning decision.

The Municipal Annexation Act of 1969 (the Act), NDCC Ch. 40–51.2, diagrams the statutory procedures for a municipality to annex land. In construing statutes, our duty is to discern the intent of the Legislature. *County of Stutsman v. State Historical Society*, 371 N.W.2d 321 (N.D.1985). The Legislature's intent initially must be sought from the statutory language. *Id.* Statutory provisions must be considered as a whole with each provision harmonized, if possible. *Id.* Additionally, NDCC 40–51.2–02 explicitly directs that the Act shall be liberally construed to encourage the natural and well-ordered development of a municipality; to extend municipal government to areas which form a part of the whole community; to simplify government structure in urban areas; and to recognize the interrelationship and interdependence between a municipal corporation and a contiguous area. We apply those rules of statutory construction to the Act.

Under NDCC 40–51.2–03, contiguous *owners* may begin an annexation proceeding by presenting a signed annexation petition to a municipality. Under NDCC 40–51.2–05, the municipality may not take final action on the petition until the petitioners have given notice by one publication in the official newspaper of the city. NDCC 40–51.2–06 directs that, if the municipality decides to annex the land described in the owner's petition, it shall do so by ordinance.

Under NDCC 40–51.2–07, a *municipality* may begin an annexation proceeding by adopting a resolution to annex contiguous land. Absent timely protests from those who owned more than one-fourth of the land to be annexed at the time the resolution was adopted, the land described in the resolution becomes part of the municipality. NDCC 40–51.2–07(3). However, if the owners of more than one-fourth of the land file timely written protests, NDCC 40–51.2–07 directs that the municipality may not annex the land except by asking the attorney general to create an annexation review commission to hear and decide the request. The annexation review commission consists of three members, one each designated by the attorney general, the county, and the municipality. NDCC 40–51.2–10. *Compare City of Carrington v. Foster County*, 166 N.W.2d 377 (N.D.1969) (under prior law, requiring annexation petition to be heard by three-judge district court was unconstitutional delegation of nonjudicial duty to court).[2] NDCC 40–51.2–08 through 40–51.2–16 designate procedures for the decision by the annexation review commission.

When NDCC Ch. 40–51.2 is construed as a whole, we believe it authorizes two separate and distinct methods for annexation. One method authorizes an *annexation petition* by owners under NDCC 40–51.2–03 through 40–51.2–06. Another method authorizes an *annexation resolution* by a municipality under NDCC 40–51.2–07 through 40–51.2–16. Nothing in NDCC Ch. 40–51.2 precludes a municipality from defeating its annexation resolution without submitting the matter to an annexation review commission and then, if petitioned by the landowners, adopting an ordinance to annex the same land. These two methods are separate and distinct.

This interpretation is consistent with our decision in *City of West Fargo v. City of Fargo*, 251 N.W.2d 918 (N.D.1977). In that case, West Fargo adopted an annexation resolution for certain land between West Fargo and Fargo. The owners of some of the land then petitioned Fargo to annex, too. Thereafter, more than one-fourth of the landowners in the area encompassed by West Fargo's annexation resolution filed timely protests, and the West Fargo City Commission asked the attorney general to form an annexation review commission.

We held that West Fargo's annexation resolution had priority over the landowner's annexation petition under the general rule that first in time is first in right. We further held that, under NDCC 40–51.2–07 through 40–51.2–16, West Fargo's annexation resolution was one continuous proceeding that commenced when the resolution was adopted and lasted until the proceedings were terminated.

---

2. The present composition of the annexation review commission was adopted by the Legislature in 1969 in response to our decision in *City of Carrington.* March 11, 1969 Minutes of Political Subdivisions Committee on HB 496.

We explained, *City of West Fargo*, 251 N.W.2d at 921, that the "statutory provisions as to the annexation review are not a separate method of annexing territory, and that protests do not terminate an annexation proceeding, but that both are constituent parts of the overall annexation process.... Thus the invoking of the annexation review commission procedure is authorized if the voluntary procedure is halted by protests. It is a continuation of the same process."

■ Our decision in *City of West Fargo*, however, does not mean that an annexation petition under NDCC 40–51.2–03 through 40–51.2–06 is a continuation of an annexation resolution under NDCC 40–51.2–07 through 40–51.2–16. We specifically said that petition and resolution proceedings authorized by NDCC Ch. 40–51.2 were equivalent, but different, procedures. Our decision in *City of West Fargo* means that annexation by resolution is one continuous procedure, and that annexation by petition is a separate procedure. NDCC Ch. 40–51.2 does not combine those separate procedures and, under *City of West Fargo*, the first in time has priority until it is terminated.

■ Here, Jamestown first adopted an annexation resolution under NDCC 40–51.2–07. Under *City of West Fargo*, the procedure for annexation by resolution was a separate proceeding that was first in time and continued until it was terminated under NDCC 40–51.2–07 through 40–51.2–16. At its September 6, 1994 meeting, the Jamestown City Council voted to "postpone" or "delay" consideration of the annexation resolution. Nothing in NDCC Ch. 40–51.2 required Jamestown to decide the annexation resolution at the September 6 meeting, and Jamestown had the authority to postpone the annexation resolution to another properly noticed hearing. *See Green v. Beste*, 76 N.W.2d 165 (N.D.1956) (recess of regularly scheduled meeting to later date was adjournment of meeting so later meeting required proper notice). Jamestown published notice that the annexation resolution would be fur-

ther considered at an October 26, 1994 meeting and, in the interim, American, the landowner, requested that its land be annexed to Jamestown.

■ At the October 26 meeting, the protests to the annexation resolution were considered. At that point, Jamestown could have asked the attorney general to invoke an annexation review commission, or it could have defeated the resolution. Jamestown chose to defeat the annexation resolution rather than to ask for appointment of an annexation review commission. That separate annexation procedure was thus terminated under NDCC 40–51.2–07 through 40–51.2–16. Jamestown was then free to conduct a separate proceeding under NDCC 40–51.2–03 through 40–51.2–06 on American's annexation petition. There is no merit to the plaintiffs' claims that the subsequently enacted annexation and zoning ordinances were invalid from alleged defects in the earlier, terminated resolution procedure.

## II

■ The plaintiffs contend that the annexation by petition was void because Jamestown failed to comply with the statutory requirements for that procedure. They argue that, under NDCC 40–51.2–05,[3] the petitioner, American, was required to publish notice of the annexation petition, while here Jamestown, not American, published the notice. The trial court concluded NDCC 40–51.2–05 was directory and not mandatory, and that this insignificant deviation from the statutory procedure did not void the annexation petition. We agree.

■ We described the distinction between mandatory and directory statutes in *Solen Pub. School Dist. v. Heisler*, 381 N.W.2d 201, 203 (N.D.1986):

Mandatory and directory statutes each impose duties, and their difference lies in the consequence of the failure to perform the duty. The mandatory-directory dichotomy relates to whether the failure to perform a

---

**3.** The relevant part of NDCC 40–51.2–05 directs: The governing body may not take final action on a petition presented by owners and qualified electors until the petitioners have given

notice of presentation of their petition by one publication in the official newspaper of the city....

duty will invalidate subsequent proceedings. If the prescribed duty is essential to the main objective of the statute, the statute is mandatory and the failure to comply with it will invalidate subsequent proceedings; however, if the duty is not essential to accomplishing the main objective of the statute but is designed to assure order and promptness in the proceeding, the statute is directory and the failure to comply with it will not invalidate subsequent proceedings.

(Citations omitted). Here, the failure to exactly comply with NDCC 40–51.2–05 did not invalidate the annexation petition.

Our annexation statutes are to be liberally construed to effectuate their purposes. NDCC 40–51.2–02. *Compare Red River Valley Brick* (annexation procedures strictly construed under prior law); *Sitte v. Tonne*, 54 N.D. 158, 209 N.W. 658 (1926) (same); *Stern v. City of Fargo*, 18 N.D. 289, 122 N.W. 403 (1909) (same). The clear purpose of this notice requirement is to give interested persons a reasonable opportunity to be heard. The plaintiffs do not contend that no notice was published, but that Jamestown, not American, published the notice. We do not believe this defect, as distinct from a complete absence of notice, defeats the main objective of the statute. By undertaking the responsibility for publishing the notice, a municipality can insure that notice is actually given to interested parties. We conclude that the proceedings on American's annexation petition and the related zoning amendment were valid though Jamestown, rather than American, published the notice.

■ The plaintiffs also claim that the number of acres annexed differed from the amount requested in the petition for annexation. However, the notice specified that the proposed annexation encompassed 100 acres, and that was the amount of land finally annexed. *Compare Red River Valley Brick* (decision to annex less land than sought in published notice invalidated annexation). We reject the plaintiffs' claim about a differential in the amount of land annexed.

■ We hold that Jamestown complied with the statutory requirements for annexation by petition and for the related zoning amendment for the 100–acre tract. Jamestown's decisions to annex the land and zone it for industrial use were legislative acts. Under *Red River Valley Brick* and NDCC 32–05–05(7), the plaintiffs were not entitled to declaratory or injunctive relief, and the trial court did not err in refusing to enjoin the annexation and zoning proceedings.

### III

■ The plaintiffs also contend that the trial court erred in dismissing their civil rights claims. A civil rights claim under 42 U.S.C. § 1983 must allege that a defendant's conduct, under color of state law, deprived the plaintiff of a right, privilege, or immunity secured by federal law. *Livingood v. Meece*, 477 N.W.2d 183 (N.D.1991); *Jensen v. Zuern*, 517 N.W.2d 118 (N.D.Ct.App.1994). Here, the plaintiffs contend Jamestown's conduct deprived them of due process and equal protection.

■ The plaintiffs have not made due process or equal protection challenges to the statutes that Jamestown used to annex and zone American's land. Absent such a challenge to those statutes, our decision that Jamestown complied with the statutory procedures for annexation and zoning also disposes of the plaintiffs' due process and equal protection claims. The plaintiffs, who were not owners of the annexed and rezoned land, received notice of the hearing on the annexation petition and related zoning amendment. They appeared before the City Council and were heard. The plaintiffs had no legitimate expectation to a decision in their favor.

■ The plaintiffs also claim that Jamestown had a conflict of interest in its annexation and zoning decisions from the financial arrangements it had with American. They argue that the entire annexation and zoning process employed in this case evidences a scheme to violate their rights. However, the procedures followed by Jamestown were authorized by statute. To the extent the plaintiffs' claims assert a conflict of interest by the Jamestown City Council, those claims are governed by the "rule of necessity." *Opdahl v. Zeeland Public School District*, 512 N.W.2d 444 (N.D.1994); *First American*

*Bank & Trust Co. v. Ellwein,* 221 N.W.2d 509 (N.D.1974). The Jamestown City Council, as the duly authorized decision-maker for annexation and zoning, had jurisdiction to decide these annexation and zoning matters.

We affirm the judgment.[4]

NEUMANN, J., MICHAEL O. McGUIRE, D.J., and VANDE WALLE, C.J., concur.

MICHAEL O. McGUIRE, D.J., sitting in place of SANDSTROM, J., disqualified.

4. Because of our disposition of the questions raised in this appeal, we need not decide whether the trial court erred in ruling that these plaintiffs lacked standing to · challenge American's annexation petition and the related zoning amendment. The City Council did not prevent the plaintiffs from presenting their objections to the annexation petition and related zoning ordinance at the hearing.

The Honorable Mary Muehlen Maring was not a member of the Court when this case was heard and did not participate in this decision.