2005 ND 61

**CITY OF HORACE, a political subdivision of the State of North Dakota, Plaintiff and Appellee**

v.

**The CITY OF FARGO, a political subdivision of the State of North Dakota, acting by and through its CITY COMMISSION and its Mayor, Bruce W. Furness, Defendant and Appellant.**

No. 20040219.

Supreme Court of North Dakota.

March 23, 2005.

Rehearing Denied April 26, 2005.

Steven E. McCullough (argued) and Sean M. Fredricks (on brief), Ohnstad Twichell, West Fargo, N.D., for plaintiff and appellee.

Erik R. Johnson, Assistant City Attorney, Fargo, N.D., for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1]   The City of Fargo appealed from a judgment granting the City of Horace's application for a writ of certiorari to void Fargo's annexation proceedings for land in Barnes and Stanley Townships in Cass County, and to allow Horace's annexation proceeding for land in Stanley Township to continue. We conclude Fargo's annexation proceeding for land in Barnes Township was not totally void, and Fargo's annexation proceeding for land in Stanley Township, which was contiguous to the Barnes Township land, was first in time as to Horace's annexation proceeding for the same land. We reverse and remand.

I

[¶ 2]   This appeal involves the interrelationship of annexation proceedings by Fargo, West Fargo, and Horace. On August 19, 2002, Fargo enacted a resolution to annex a tract of land comprising 2,359 acres within its extraterritorial jurisdiction in Barnes Township. After determining there were insufficient protests to that annexation, Fargo recorded the resolution and an annexation plat of the land with the Cass County Recorder on October 2, 2002.

[¶ 3]   Meanwhile, before Fargo commenced that annexation proceeding, the City of West Fargo had commenced an annexation proceeding for part of the same Barnes Township land. Because the land West Fargo sought to annex was within Fargo's extraterritorial jurisdiction and Fargo protested West Fargo's annexation, West Fargo submitted its annexation proceeding to mediation under N.D.C.C. § 40–51.2–07.1. West Fargo also sued Fargo to determine which entity had jurisdiction to annex the land that was subject to both the West Fargo and the Fargo annexation proceedings, which they referred to as the "disputed land." In that lawsuit, West Fargo did not claim any interest in the other land described in Fargo's August 2002 annexation proceeding, and West Fargo and Fargo referred to that other land as the "undisputed land." West Fargo alleged its annexation proceeding for the disputed land was first in time, and it had the right to proceed first with its annexation of that land.

[¶ 4]   A district court judge ruled Fargo's attempted annexation of the disputed land was invalid because West Fargo's annexation proceeding was first in time, and West Fargo had exclusive jurisdiction to complete its annexation proceeding for the disputed land, subject to Fargo's rights to protest the annexation, to have the matter submitted to mediation, and to petition for an administrative law judge to decide the matter. *See* N.D.C.C. §§ 40–51.2–07, 40–51.2–07.1, and 40–51.2–08. Certified copies of a writ of certiorari and a judgment were recorded on October 23, 2002, with the Cass County Recorder as document number 1032141, and a handwritten notation was entered on Fargo's annexation plat

that had been recorded on October 2, 2002, stating "See Writ and Judgment Recorded as Document No. 1032141." Fargo appealed that district court judgment to this Court, but the appeal was dismissed by stipulation after West Fargo and Fargo reached an agreement through mediation under N.D.C.C. § 40–51.2–07.1. Fargo and West Fargo agreed that West Fargo would be allowed to complete its annexation proceeding for the disputed land, and that, except for the disputed land, Fargo would be allowed to annex any area south of 40th Avenue South, which included part of the undisputed land.

[¶ 5] On January 20, 2003, Fargo commenced a proceeding by resolution to annex all of sections 5 and 6 in Stanley Township, which was in Fargo's extraterritorial jurisdiction and was contiguous to the undisputed land described in Fargo's August 2002 annexation proceeding. Thereafter, landowners in sections 5 and 6 in Stanley Township petitioned Horace, seeking to have an area within sections 5 and 6 annexed to Horace. On March 3, 2003, Horace held a first reading of an ordinance to annex the petitioned land in sections 5 and 6, and also passed a resolution holding its annexation proceeding in abeyance until Fargo's January 2003 annexation proceeding was concluded. Some of the landowners who filed petitions with Horace protested Fargo's annexation of sections 5 and 6, and on November 24, 2003, Fargo determined the protests were sufficient to require submission of its January 2003 annexation proceeding to mediation. On November 25, 2003, Horace reversed its March 3, 2003 decision to hold its annexation proceeding in abeyance. Horace passed a resolution stating it had been under a mistaken impression that Fargo had validly commenced its January 2003 annexation proceeding for the Stanley Township land before Horace had commenced its annexation proceeding for that

land, but Horace now believed Fargo's January 2003 annexation proceeding was not valid because that land was not contiguous to Fargo.

[¶ 6] Horace sued Fargo, seeking a determination that Horace had exclusive jurisdiction to annex the Stanley Township land. Horace alternatively sought to prohibit Fargo from annexing the Stanley Township land unless Horace's annexation proceeding for that land was completed, or to obtain a declaration that Fargo's annexation of that land was invalid because it was not contiguous to Fargo.

[¶ 7] The trial court concluded Fargo's August 2002 annexation proceeding was "void in toto" because Fargo lacked jurisdiction to annex the disputed land. The court decided Fargo's August 2002 annexation procedure did not substantially comply with annexation statutes, concluding Fargo's annexation plat, with the subsequent notation to the writ and judgment, was not an accurate map and was inadequate to provide notice of the land that Fargo had annexed because that plat did not refer to the subsequent mediation agreement. The court concluded Fargo was not entitled to de facto annexation of the undisputed land involved in its August 2002 annexation proceeding, because Fargo's notice of the land it had annexed was not in colorable compliance with annexation law. The court also decided Horace's lawsuit was not barred by laches or estoppel. The court granted Horace's application for writ of certiorari and declared Fargo's August 2002 and January 2003 annexation proceedings void.

II

[¶ 8] Fargo argues its August 2002 annexation proceeding for the undisputed land was valid, because Fargo and West Fargo agreed Fargo was entitled to annex

the undisputed land and the prior district court judgment only invalidated the annexation of the disputed land. Fargo argues the annexation plat filed with the Cass County Recorder on October 2, 2002, with the subsequent notation to the writ and the judgment, constituted an "accurate map" under N.D.C.C. § 40–51.2–07(3) for the annexation of the undisputed land. Fargo argues that, because the undisputed land is contiguous to the Stanley Township land that is the subject of Fargo's January 2003 annexation proceeding, Fargo's January 2003 annexation proceeding is first in time as to Horace's March 2003 proceeding. Horace responds Fargo failed to file an "accurate map" under N.D.C.C. § 40–51.2–07 in its August 2002 annexation proceeding, and that proceeding was totally void under the "all or nothing" rule. Horace thus argues the Stanley Township land is not contiguous to Fargo, and Horace's March 2003 annexation of the Stanley Township land is first in time.

[¶ 9] The issues raised in this appeal require us to consider, for the first time, the "all or nothing" rule and whether or not to apply it to Fargo's August 2002 annexation proceeding, which, in turn, involves the interpretation of our annexation statutes. The trial court applied the "all or nothing" rule and concluded Fargo's August 2002 annexation proceeding was "void in toto" because part of that proceeding had been declared invalid by the prior district court judgment. The rationale for the "all or nothing" rule is that annexations are legislative functions, and a municipality's legislative act in annexing a single tract of land must stand or fall as a whole. *Board of County Comm'rs v. Junction City*, 233 Kan. 947, 667 P.2d 868, 872–75 (1983); *Texas ex rel. American Mfg. Co. v. Fort Worth*, 314 S.W.2d 335, 337 (Tex.Civ.App.1958). Under the "all or nothing" rule, courts may not draw boundaries to correct errors in annexations of a single tract of land, because the designation of a boundary is purely a legislative function which can neither be performed by, nor delegated to, the judiciary. *Junction City*, at 873; *Fort Worth*, at 337. *See City of Carrington v. Foster County*, 166 N.W.2d 377, 385 (N.D.1969) (holding annexation statutes imposed nonjudicial duties upon district courts and violated separation of powers principle implicit in state constitution). For reasons hereinafter stated, we conclude our annexation statutes do not support application of the "all or nothing" rule in this case.

[¶ 10] The interpretation of a statute is a question of law, fully reviewable by this Court. *Narum v. Faxx Foods, Inc.*, 1999 ND 45, ¶ 18, 590 N.W.2d 454. The primary objective of statutory construction is to ascertain the Legislature's intent. *Frey v. City of Jamestown*, 548 N.W.2d 784, 788 (N.D.1996). The Legislature's intent must be sought initially from the words used in the statute, giving them their ordinary, plain language meaning. *Id.* We construe statutes as a whole, with each provision harmonized, if possible. *Id.*

[¶ 11] The Municipal Annexation Act of 1969, N.D.C.C. ch. 40–51.2, outlines the statutory procedures for a municipality to annex land and was enacted in response to *City of Carrington*, 166 N.W.2d at 385, which held that the delegation of annexation decisions to district courts violated the separation of powers implicit in our state constitution. *See* Hearing on H.B. 496 before the Political Subdivisions Committee, 41st N.D. Legis. Sess. (March 11, 1969) (testimony of Scott Anderson, Fargo City Attorney). The 1969 legislation provided that if there were sufficient protests to an annexation resolution, the municipality could petition the attorney general to constitute an annexation review commission to hear and decide the matter. 1969

N.D. Sess. Laws ch. 381, §§ 8 through 16. *See Frey,* 548 N.W.2d at 788. The 1969 legislation also explicitly authorized liberal construction of the Municipal Annexation Act to encourage the natural and well-ordered development of municipalities, to extend municipal government to areas which form a part of the whole community, to simplify government structure in urban areas, and to recognize the interrelationship and interdependence between a municipal corporation and a contiguous area. 1969 N.D. Sess. Laws ch. 381, § 2 (currently codified at N.D.C.C. § 40–51.2–02).

[¶ 12] The Municipal Annexation Act authorizes two equivalent, but separate and distinct methods for annexation. *Frey,* 548 N.W.2d at 788–89. One method authorizes owners or electors with property contiguous to a municipality to begin an annexation proceeding by presenting an annexation petition to the municipality. *Id.* at 788. *See* N.D.C.C. §§ 40–51.2–03 through 40–51.2–06. The second method permits a municipality to begin an annexation proceeding by adopting a resolution to annex contiguous land. *Frey,* at 788. *See* N.D.C.C. § 40–51.2–07.

[¶ 13] Under N.D.C.C. § 40–51.2–03, owners or electors of land contiguous to a municipality may petition a municipality to annex land. If the land petitioned for annexation lies within the extraterritorial zoning or subdivision regulation of another city, the petitioned city must notify the other city of the time and place for consideration of the petition, and if the other city does not consent to the annexation, the petitioned city must stop the annexation or submit the matter to mediation. N.D.C.C. § 40–51.2–05. If the petitioned city annexes the area, it must do so by ordinance, and the annexation becomes effective when a copy of the ordinance and an accurate map of the annexed area, certified by the executive officer of the city, are filed and recorded with the county recorder. N.D.C.C. § 40–51.2–06.

[¶ 14] Section 40–51.2–07, N.D.C.C., authorizes a municipality to begin an annexation proceeding by adopting a resolution to annex contiguous land and provides:

The governing body of any city may adopt a resolution to annex contiguous or adjacent territory as follows:

1. The governing body of the city shall adopt a resolution describing the property to be annexed.

2. The governing body of the city shall publish the resolution and a notice of the time and place the governing body will meet to hear and determine the sufficiency of any written protests against the proposed annexation in the official newspaper once each week for two consecutive weeks. The governing body of the city shall mail a notice to the owner of each parcel of real property within the area to be annexed at the person's last-known mailing address. The notice must inform landowners of the resolution, the time and place of hearing, and the requirement that protests must be filed in writing. The owners of any real property within the territory proposed to be annexed within thirty days of the first publication of the resolution may file written protests with the city auditor protesting against the proposed annexation. No state-owned property may be annexed without the written consent of the state agency or department having control of the property. The governing body of the city, at its next meeting after the expiration of the time for filing the protests, shall hear and determine the sufficiency of the protests.

3. In the absence of protests filed by the owners of more than one-fourth of

the territory proposed to be annexed as of the date of the adoption of the resolution, the territory described in the resolution becomes a part of the city. When a copy of the resolution and an accurate map of the annexed area, certified by the executive officer of the city, are filed and recorded with the county recorder, the annexation becomes effective. Annexation is effective for the purpose of general taxation on and after the first day of the next February. However, the city shall continue to classify as agricultural lands for tax purposes all lands in the annexed area which were classified as agricultural lands immediately before the annexation proceedings until those lands are put to another use. If the owners of one-fourth or more of the territory proposed to be annexed protest, or if a city that has extraterritorial zoning or subdivision regulation authority over the area petitioned to be annexed protests, the city may either stop its pursuit of the annexation or submit the matter to a committee for mediation as provided in section 40–51.2–07.1.

[¶ 15] In 1997, the Legislature amended the Municipal Annexation Act to authorize the governing bodies of cities to enter written annexation agreements regarding the annexation of property located within the extraterritorial zoning or subdivision regulation authority of the cities. *See* 1997 N.D. Sess. Laws ch. 357, §§ 1 and 2; N.D.C.C. §§ 40–51.2–02.1 and 40–51.2–02.2. The 1997 amendments repealed the provisions authorizing the attorney general to constitute an annexation review commission and created a procedure for mediation of annexation disputes, and, if requested, resolution by an administrative law judge. 1997 N.D. Sess. Laws ch. 357, §§ 6 through 14. *See* N.D.C.C. §§ 40–51.2–07.1 through 40–51.2–16. The provi-

sion for mediation contemplates agreement by all parties, or a determination by the mediator that continued mediation is no longer worthwhile. N.D.C.C. § 40–51.2–07.1. If a city involved in an annexation dispute is not satisfied with the result of mediation, the city may petition the office of administrative hearings to hear the matter, and if the annexation was initiated by resolution under N.D.C.C. § 40–51.2–07, the petition must include an accurate map of the areas sought to be annexed, a description of the area, and the reasons for the annexation. N.D.C.C. § 40–51.2–08. If an administrative law judge renders an annexation decision, N.D.C.C. § 40–51.2–16 provides the land is annexed as of the date of the administrative law judge's order, and a copy of the resolution with an accurate map of the annexed area, certified by the executive officer of the city, must be filed and recorded with the county recorder. A party dissatisfied with the decision of an administrative law judge may apply to the district court for a writ of certiorari. N.D.C.C. § 40–51.2–15.

[¶ 16] In Fargo's August 2002 annexation proceeding, a resolution and annexation plat were filed by Fargo on October 2, 2002, with a subsequent notation to the writ and judgment in West Fargo's lawsuit against Fargo. Fargo had complied with the statutory requirements for its annexation by resolution when it filed the plat. However, West Fargo's annexation of some of the same land was pending on October 2, 2002, and because that land was in Fargo's extraterritorial jurisdiction, Fargo protested West Fargo's annexation and West Fargo submitted its annexation proceeding to mediation under N.D.C.C. § 40–51.2–07.1. West Fargo also sued Fargo to determine which entity had jurisdiction to annex the disputed land. The court ruled West Fargo was first in time and had jurisdiction to complete annexation of

the disputed land, subject to Fargo's right to mediation. The court decided Fargo's annexation of the disputed land was invalid, and the judgment, which referred to Fargo's right to mediation, was noted on Fargo's annexation plat filed on October 2, 2002. Fargo and West Fargo subsequently reached a mediation agreement consistent with the court's decision. Horace's argument would require Fargo to start its annexation proceeding over. However, our annexation statutes do not require that result when an annexation dispute has been resolved by mediation, and do not specifically require filing a map if a mediation agreement resolves an annexation dispute. Significantly, a map must be filed if the matter is decided by an administrative law judge. *See* N.D.C.C. § 40-51.2-16. However, this dispute was not decided by an administrative law judge, and the parties reached a mediation agreement that was consistent with the prior district court decision that was noted on the recorded annexation plat. The parties' mediation agreement effectively divided Fargo's August 2002 annexation proceeding into two separate tracts of land, the disputed land and the undisputed land. Because the parties' mediation agreement effectively divided Fargo's August 2002 annexation proceeding into two tracts of land, we conclude the provisions for mediation of annexation disputes used in this case militate against the application of the "all or nothing" rule, which is based on the rationale that courts may not draw boundaries to correct errors in annexations of a single tract of land. *Junction City*, 667 P.2d at 873; *Fort Worth*, 314 S.W.2d at 337. Although Horace argues it was happenstance that the results of mediation were the same as the court's decision, it is undisputed the mediation agreement was consistent with the judgment noted on the annexation plat.

[¶ 17] We reject Horace's claim that *Red River Valley Brick Co. v. City of Grand Forks*, 27 N.D. 8, 145 N.W. 725 (1914), requires application of the "all or nothing" rule to this case. In *Red River Valley Brick*, Grand Forks had initially enacted a resolution describing land to be annexed and subsequently enacted an amended resolution to annex a smaller tract of land after some land owners protested the original annexation. *Id.* at 35–36, 145 N.W. at 731. This Court held the amended annexation resolution was invalid because interested parties had no notice of the contemplated annexation of the land in the amended notice and had no opportunity to protest the annexation. *Id.* at 36–38, 145 N.W. at 731–32. In reaching that conclusion, this Court strictly construed statutory provisions for annexation because they granted cities extraordinary power to annex land contrary to the protests of people whose interests were affected. *Id.* That case involved the strict interpretation of our annexation statutes and an amendment to an original resolution without providing appropriate notice to interested parties. Here, the contest is between two political subdivisions of the state.

[¶ 18] In *Frey*, 548 N.W.2d at 789–90, we considered issues about a landowner's annexation petition, and we rejected an argument that a failure to exactly comply with a notice requirement in N.D.C.C. § 40-51.2-05 invalidated the landowner's annexation petition. We recognized our annexation statutes required liberal construction to effectuate their purposes. *Frey*, at 790 (comparing *Red River Valley Brick* ). We concluded a proceeding on a landowner's annexation petition and zoning amendment was valid although the municipality, rather than the landowner, published a notice of presentation of the petition as required by N.D.C.C. § 40-51.2-05. *Frey*, at 790. We said the purpose of the

notice requirement was to give interested persons a reasonable opportunity to be heard, and there was no claim that notice was not published. *Id.* We concluded the defect about the entity publishing the notice, as distinguished from a complete absence of notice, did not defeat the purpose of the notice requirement. *Id.*

[¶ 19] We conclude Fargo's annexation plat filed on October 2, 2002, with the subsequent notation to the judgment that was consistent with the parties' mediation agreement, was sufficient to provide notice of the annexation of the undisputed land in Fargo's August 2002 annexation proceeding. Construing our annexation statutes liberally to effectuate the purpose of encouraging natural and well-ordered development of municipalities, we conclude the annexation plat, with the subsequent notation, constituted an accurate map under N.D.C.C. § 40–51.2–07(3), and we reject the trial court's conclusion that Fargo's August 2002 annexation was totally void. Rather, we conclude that Fargo's annexation of the undisputed land was valid. We therefore conclude Fargo's January 2003 annexation of the land in Stanley Township, which was contiguous to the undisputed land involved in Fargo's 2002 annexation, was first in time as to Horace's March 2003 annexation proceeding, and Fargo is entitled to proceed with its annexation proceeding.

### III

[¶ 20] Because of our resolution of this issue, it is not necessary to address Fargo's arguments about de facto annexation and about Horace's lack of standing to bring this action.

### IV

[¶ 21] We reverse the trial court's judgment and remand for proceedings consistent with this opinion.

[¶ 22]DALE V. SANDSTROM, CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.

[¶ 23] The Honorable WILLIAM A. NEUMANN, a member of the Court when this case was heard, resigned effective March 14, 2005, and did not participate in this decision.